### MOSES DUQUETTE v. THOMAS RICHAR.

*Payment—Attorney and client—Assumpsit—Defenses.*

1. The delivery by a vendee to the attorney for the vendor, in his presence, of a certificate of deposit indorsed in blank, as part payment on a land contract, is the same as delivery to the vendor.

2. In an action to recover money paid on a land contract which the defendant refused to carry out, it is no defense that the payment was made by a certificate of deposit owned by the plaintiff's wife, it appearing that she indorsed the certificate in blank, and loaned it to the plaintiff, and that the defendant received it as a payment from him.

Error to Muskegon. (Russell, J.) Argued October 11, 1894. Decided November 20, 1894.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Turner, Turner & Turner,* for appellant.

*Nelson DeLong,* for plaintiff.

GRANT, J. Plaintiff, by direction of the court, recovered a verdict and judgment for $300 claimed to have been paid by him to the defendant as the first and part payment on a parol contract for the purchase of land, which the defendant refused to carry out.

1. The payment was made by a certificate of deposit in a bank, which certificate was owned by plaintiff's wife. Defendant and his attorney, plaintiff and his wife, and one Bassett were present when the payment was made. The wife indorsed the certificate, and handed it to Bassett, who delivered it to the defendant's attorney. The certificate was presented to the bank and paid, but it does not appear by whom it was presented for payment. It was produced upon the trial by the bank. It is claimed that there was no evidence to connect the defendant with the certificate, or to show that he received the money. The delivery to his attorney was the same as delivery to him, and justified the instruction given.

It is further insisted that the certificate was the property of the wife, and that, therefore, the plaintiff cannot maintain the suit. The testimony, however, is ample to

show that she in fact loaned the money to her husband, and paid it for him. The defendant received it as a payment from him. The arrangement between him and her did not concern the defendant.

2. After plaintiff had testified on cross-examination that it was not agreed between him and defendant that, if he was not in on the following Monday by the time the bank closed, he was to forfeit the $300, the defendant's counsel asked him if his own attorney did not inform him that this was the defendant's claim. The testimony was properly excluded. What either party claimed to the other after the controversy had arisen had no tendency to prove what the agreement was.

Judgment affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. McGRATH, C. J., did not sit.