DE CROUPET *v.* FRANK.

1. FRAUDS, STATUTE OF—ORAL CONTRACT TO PURCHASE LAND.
 In an action for money had and received, no recovery could
   be had under the special count based upon an oral con-
   tract by which plaintiff paid money to defendant for the
   purchase of certain land, title to which was taken in the
   name of defendant, said contract being void under the
   statute of frauds (3 Comp. Laws 1915, § 11977).

2. SAME—ASSUMPSIT—COMMON COUNTS—PLEADING.
 Where the common counts were also relied upon, the trial
   judge was in error in directing a verdict for the defend-
   ant, since they are equitable in their nature and will sup-
   port a recovery where money has been paid by plaintiff
   to defendant under a void contract.

Error to Wayne; Hunt (Ormond F.), J. Submitted
October 6, 1920. (Docket No. 25.) Decided Decem-
ber 21, 1920.

Assumpsit by Jacob DeCroupet against Anna
Frank for money had and received. Judgment for
defendant on a directed verdict. Plaintiff brings
error. Reversed.

*Thomas A. Conlon,* for appellant.

*Barbour, Field & Martin,* for appellee.

BROOKE, J. In the summer of 1916 Christian De-
Croupet died. He had, some four years prior to his
death, incorporated the DeCroupet Iron Works, with
a capital of $25,000 (250 shares at $100 par each). Of
this capital stock he held in his own name at the time
of his death 240 shares, Frederick Hesse held 5 shares
and Charles Frank held 5 shares. By the terms of his
will, a daughter, Elizabeth DeCroupet, received 96

212—Mich.—30.

shares; a son, Jacob DeCroupet (plaintiff herein), received 96 shares; and a daughter, Anna Frank (defendant herein), received 48 shares. Through the consent of his sisters, plaintiff, in the fall of 1916, took charge of the business as general manager. At that time plaintiff and defendant seem to have been running the business without much reference to the wishes of the sister, Elizabeth DeCroupet, owner of 96 shares of the stock.

There is no dispute about the fact that plaintiff and defendant decided that it would be of advantage to the corporation if additional land could be acquired in the vicinity of that already occupied by the corporation. To that end it was agreed between them that a parcel should be acquired in the name of defendant Anna Frank, costing approximately $6,000. Anna Frank agreed to and did mortgage some property of her own for the sum of $5,000, which she contributed to the purchase, and the plaintiff gave to her approximately the sum of $1,100, which she in turn paid over to the vendors of said land, taking title to same in her own name.

In February, 1917, the friendly relations between plaintiff and defendant came to an end, defendant Anna allying herself with her sister, Elizabeth, and plaintiff was ousted from the management of the business, the same being turned over finally to the husband of Anna. The corporation, controlled as it was by Anna and Elizabeth, declined to take over the land and pay for it, whereupon plaintiff demanded that defendant return to him the $1,100 he had invested therein. This being refused, this action followed.

The first count in the declaration was a special count, setting up the agreement of the parties, and this is followed by the common counts in assumpsit.

There is no dispute between the parties that it was intended ultimately to turn the lot over to the corpora-

tion and to receive back the money advanced by plaintiff and defendant in the purchase thereof.   It is, however, the claim of the defendant that after the corporation had refused to take the lot, she demanded that the plaintiff reimburse her for the amount that she had invested in the lot and take it himself.

It seems to be conceded upon all hands that no recovery could be had under the special count, the agreement being void under section 11977, 3 Comp. Laws 1915.   The learned circuit judge directed a verdict in favor of the defendant, and upon motion for a new trial said:

"The court is of the opinion that if plaintiff has any remedy it would not be for money had and received, but possibly upon a bill in equity for a sale of the property and a distribution of the proceeds to the respective parties proportioned to the amount of money invested, but as at present advised, the court adheres to its original decision, that no recovery can be had in this action for money had and received, and accordingly the motion for a new trial is hereby denied."

The sole question involved is the propriety of the action of the court in directing a verdict and in holding that no recovery could be had under the common counts, and it is this question which is argued in the briefs.   A consideration of the facts involved leads us to the conclusion that the learned circuit judge was in error in so holding.   It is undisputed that the money contributed by the plaintiff was paid to defendant under an agreement void under the statute.   It is undisputed that the title to the property purchased, being in her name, she has had the beneficial use of the plaintiff's money.   We have many times held that the common counts in assumpsit are equitable in their nature and will support a recovery where money has been paid by plaintiff to defendant under a void contract.   *Davis* v. *Strobridge,* 44 Mich. 157; *DeMoss* v. *Robinson,* 46 Mich. 62; *Murphy* v. *McGraw,* 74 Mich.

318; *Harty* v. *Teagan,* 150 Mich. 75; *Taylor* v. *Belton,* 188 Mich. 302. See, also, *Scott* v. *Bush,* 26 Mich. 418; *Nims* v. *Sherman,* 43 Mich. 45; *Duquette* v. *Richar,* 102 Mich. 483.

The judgment must be reversed and a new trial granted.

MOORE, C. J., and STEERE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.