KUCHENMEISTER *v.* DUSZA.

ASSUMPSIT—MONEY HAD AND RECEIVED — COMMON COUNTS WILL
SUPPORT ACTION FOR MONEY PAID UNDER VOID CONTRACT.

> In an action under the common counts for money had and
> received, the trial court was in error in directing a verdict
> for defendant on the ground that plaintiff could not re-
> cover because the agreement under which he paid the
> money to defendant was void, since the common counts
> in assumpsit are equitable in their nature and will support
> a recovery in such case.

Error to Macomb; Black (Edward D.), J., presid-
ing. Submitted January 11, 1922. (Docket No. 86.)
Decided June 5, 1922.

Assumpsit in justice's court by Albert Kuchen-
meister against Marcel J. Dusza for money had and
received. There was judgment for plaintiff, and de-
fendant appealed to the circuit court. Judgment for
defendant on a directed verdict. Plaintiff brings
error. Reversed.

*Lungerhausen, Weeks & Lungerhausen,* for appel-
lant.

*B. V. Nunneley,* for appellee.

WIEST, J. This suit was commenced in justice's
court, and upon appeal the parties filed formal plead-
ings in the circuit court. Plaintiff declared upon an
agreement under which the commission he was to
earn in making a sale of a certain farm and the com-
mission defendant was to earn from the purchaser of
the farm should be equally divided between them; that

he paid defendant $100, the half of his commission, and defendant refused to pay him $100, the half of his commission. The declaration also contained the common count for money had and received. Defendant pleaded the general issue and gave notice that, the agreement not being in writing, and relating to commissions for the sale of real estate, was void.

The learned circuit judge directed a verdict for defendant, stating that:

"This action is brought to recover the money so paid, as I understand it, instead of enforcing the contract.   *   *   *

"Under the statutes of the State of Michigan, the contract between the plaintiff and defendant was a void contract.   It could not have been enforced by either party but the plaintiff pays to the defendant one-half of the commission where there was no law violation on his part in so doing.   That the defendant has paid no part of the commission he received, if he received any, to the plaintiff.

"The court holds the plaintiff having voluntarily paid to the defendant one-half of his commission, he cannot recover in any action at law for the money so paid for the reason that under the Supreme Court decisions and the construction of the law relative to commissions for the sale of real estate he voluntarily parted with his money."

The case is here upon writ of error.   Conceding the agreement to have been void for the reason stated in *Smith* v. *Starke*, 196 Mich. 311, as claimed by defendant, leaves defendant with $100 "had and received from plaintiff" without consideration.   Defendant's refusal to carry out the void contract left it executory. Where a void contract still remains executory money paid under it may be recovered under the count for money had and received.

In *DeCroupet* v. *Frank*, 212 Mich. 465, it was undisputed that the money contributed by plaintiff was

paid to defendant under an agreement void under the statute, and we said:

"We have many times held that the common counts in assumpsit are equitable in their nature and will support a recovery where money has been paid by plaintiff to defendant under a void contract."

In the case at bar the defendant received money, which, *ex aequo et bono,* he ought to refund, and judgment should have been entered for plaintiff.

The only excuse defendant advanced for not paying the money back to plaintiff was that it was paid to him under a void agreement. That is the very reason why he had no right to the money and can be held under the count for money had and received. *Beardslee* v. *Horton,* 3 Mich. 560; *Walker* v. *Conant,* 65 Mich. 194.

An instructive case upon the subject is *Congress & Empire Spring Co.* v. *Knowlton,* 103 U. S. 49.

The judgment is reversed and a new trial granted, with costs of this court to plaintiff.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.