KOLODIG *v.* HIGHLAND PARK STATE BANK.

1. BANKS AND BANKING — EVIDENCE — SELF-SERVING EVIDENCE — LETTERS.

In an action against a bank for failure to remit money to a bank in Russia to be there placed to the credit of plaintiff's mother, a letter from her was properly rejected on the ground that it might be self-serving, where no deposition of hers was taken and attached to the letter.

2. SAME—EVIDENCE—DIRECTED VERDICT.

In the absence of competent proof of failure to deliver the remittance to the bank in Russia, a verdict was properly directed in favor of defendant.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted January 9, 1924. (Docket No. 32.) Decided March 5, 1924.

Assumpsit by Mark Kolodig against the Highland Park State Bank for money paid to defendant to be deposited for plaintiff in a foreign bank. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Walter M. Nelson* and *Harry L. Diehl,* for appellant.

*Anderson, Wilcox, Lacy & Lawson* (*C. J. Huddleston,* of counsel), for appellee.

MOORE, J. Plaintiff, a native of Russia, worked in the Highland Park plant of the Ford Motor Company. The war had brought rubles to a low price. On May 17, 1917, plaintiff paid $1,500.80 to defendant bank and made an arrangement with it for sending its value in rubles to the credit of his mother in the Kiev Savings Bank, Kiev, Russia. He testified the contract was to deliver within eight weeks or to pay the money back to him, and that it did neither. The bank claims to have acted simply as his agent to make the remittance, and that in fact it made the remittance. At the close of the plaintiff's proofs, defendant moved for a directed verdict on the ground that there was no proof of nondelivery of the rubles. The court directed a verdict in favor of the defendant. Plaintiff sued out a writ of error.

Did the court err in its rulings as to the admission of testimony. This relates particularly to testimony about a letter claimed to have been received from the

mother of the plaintiff about two months after the contract, whatever it was, with the bank.   The trial judge was of the opinion that the defendant could not be bound by the letter; that it might be a self-serving letter.   It is clear, we think, that as no deposition was taken of the mother to which the letter was attached, and as no opportunity was given to question the mother as to the statements in the letter, that it was not admissible.

Counsel for appellant claim there was evidence of failure to deliver the remittance, and that the case is governed by *Cechanowicz* v. *Highland Park State Bank,* 224 Mich. 37; *Maximovich* v. *Highland Park State Bank,* 224 Mich. 44, and that the case should be reversed.   In the instant case there was no testimony from the mother, nor was there any testimony from any officer of the Kiev Savings Bank.   After the motion for a directed verdict was made and counsel were heard, the trial judge expressed himself as follows:

*"The Court:* Well, I think if you take it from the standpoint of agency that the defendant did what it promised to do, and that was to act as transmitter of the remittance; that if there was any responsibility after that it is upon the plaintiff.

"If you take it from the other point of view that they were under obligation to deliver, that the proofs are not sufficient to justify the jury in drawing a conclusion that it was not delivered; and the two essential elements for the plaintiff to establish would be the fact of the remittance and promise to deliver, and the fact it had not been delivered."

We think the trial judge was right in holding there was no competent proof of a failure to deliver the remittance.   A reference to the opinions in the two cases cited by counsel for the plaintiff will show they are very different from the instant case.   In those cases it was claimed the bank agreed to purchase rubles, deposit them for the plaintiff in a Russian bank

and to return to the plaintiff within two months a pass book showing such deposit, or return to him the money.    In the instant case the record does not show any agreement of a similar character.

The judgment is affirmed, with costs to the appellee.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.