## KARNOV v. GOLDMAN.

1. Evidence—Mere Receipt May be Contradicted But Not a Contract Embodying a Receipt.

Although a mere receipt may be contradicted or explained, the fact that a receipt is incorporated within a written contract does not render the entire writing a mere receipt subject to be varied or contradicted by parol evidence.[1]

2. Same—Written Contract Not to be Varied by Oral Testimony.

Testimony of an oral contract is not admissible to vary the terms of a written contract whereby defendants, private bankers, undertook to transmit money to be deposited in plaintiff's name in a bank in Russia.[2]

Error to Wayne; Codd (George P.), J. Submitted December 9, 1924. (Docket No. 157.) Decided December 31, 1924. Rehearing denied April 3, 1925.

[1]Evidence, 22 C. J. §§ 1520, 1522; [2]Id., 22 C. J. § 1663.
On general rule that parol evidence is not admissible to vary, add to, or alter a written contract, see note in 17 L. R. A. 270.

Assumpsit by Sam Karnov against David Goldman and Hirsch Goldman, copartners as Goldman Brothers, for money paid to defendants to be deposited for plaintiff in a foreign bank. Judgment for plaintiff. Defendants bring error. Reversed, and judgment ordered to be entered for defendants.

*Joseph B. Beckenstein,* for appellants.

*Frederic T. Harward* and *John J. Gafill,* for appellee.

CLARK, C. J.   Plaintiff, whose Russian name appears in the following as the depositor, engaged defendants, private bankers at Detroit, to transmit money to Russia.   At the banking office he made application, Exhibit 3, and received and accepted Exhibit 6.   We quote:

"Exhibit 3.<br>(Both in English and Russian)

"Application for a Savings-Bankbook issued by the
"IMPERIAL RUSSIAN SAVINGS BANKS.
"To the Imperial Savings Bank.

City—Kiev.
Amount—10,000 rubles.
Name of depositor in full—Nison Idel Kerszner.
His age—36.
Father's name—Abram.
Mother's name—Perl.
If married, name of wife—Liena.
Where born—Village, M. Dubova; Municipality, Uksanin; County, Uman; Province, Kiev.
Occupation—Merchant.
Signature of the depositor—Nison Idel Abramovech Kerczner.
Dated:   October 24, 1917.

"Exhibit 6.<br>(Both in English and Russian)

Date 10/24/17.
Received from Sam Karnov.
Lemington, Ont.
$1,440 for the transmittance by mail of Rs. 10,000 to address specified in the margin hereon:

(Margin) :
Payee—Savings Account.
City—Kiev.
To deposit in the name of Nison Idel Kerczner.
Deposit book to be returned to Goldman Bros.

"GOLDMAN BROS.

Foreign amount—Rs. 10,000.     Per S.

"Our liability toward the sender to be no greater than the liability of the European P. O. toward us, all claims in case of loss of money to be adjusted only, when the amount is received by our correspondent from the European Post Office. In case this payment is returned by the European Post Office for any reason whatsoever, same to be refunded at the current rate of exchange prevailing on the date of return of such funds."

Defendants, following a required course, remitted to an international bank, an intermediary bank, in this case C. B. Richards & Company of New York, who in turn remitted to the Russo-Asiatic Bank at Petrograd, which bank was the correspondent of all American banks when money was to be transmitted to Russia, directing said bank to deposit 10,000 rubles in the name of plaintiff in the bank at Kiev. The remittance of Richards & Company was mailed, left on a Russian steamship for Russia and its known history ends there. It is intimated that the Reds got it. Defendants remitted $1,410, the value of the rubles, retaining $30 for the service.

Plaintiff's case, in the main, is planted on a claimed oral agreement, contemporaneous with the writings, by and between him and the defendants, that if defendants failed to give to him within three months a bankbook, showing deposit in his name of 10,000 rubles in the Kiev bank, they would pay him back $1,440. There is no claim of fraud, duress, or mistake. Plaintiff was well educated and intelligent. Plaintiff had verdict and judgment. Defendants bring error.

Defendants insist that plaintiff's testimony of the oral agreement varied and contradicted the written contract between the parties and therefore ought not to have gone to the jury. Plaintiff contends that the writing in question is a mere receipt and may be contradicted or explained. That a mere receipt may be contradicted or explained is elementary. But the fact that a receipt is incorporated within a written contract does not render the entire writing a mere receipt subject to be varied or contradicted by parol evidence. 22 C. J. p. 1138.

The written contract, accepted and acted upon by the parties, in so far as it was put in written form, controls. *Axe* v. *Tolbert,* 179 Mich. 556. Evidence of the claimed oral agreement ought not to have gone to the jury. On the competent evidence the case is like *Kolodig* v. *Highland Park State Bank,* 226 Mich. 197, where a directed verdict for defendant was sustained.

Judgment reversed with direction to enter judgment for defendants, with costs.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.