### SKURATOWICZ v. HIGHLAND PARK STATE BANK.

1. BANKS AND BANKING—CONTRACTS—EVIDENCE—WHERE RECEIPT NOT INCORPORATED IN CONTRACT PAROL PROOF ADMISSIBLE.

Where a receipt given by a bank to a customer did not show the entire agreement between them, parol proof was admissible to show that he placed a certain sum of money in its hands under its promise to deposit for him 4,000 rubles in a certain bank in Russia, and that if it failed to deliver to him a savings book on said bank with a credit to him of said amount within three months it would return to him the money paid.[1]

2. SAME — UNSIGNED MEMORANDA CONSIDERED WITH RECEIPT INSUFFICIENT TO ESTABLISH CONTRACT.

Defendant's contention that, if said receipt be considered in connection with certain memoranda made by it, a contract contrary to that claimed by plaintiff will be estab-

---

[1]Evidence, 22 C. J. § 1715.

lished, is without merit, where said memoranda did not contain a contract, did not limit defendant's liability, was not signed by any one, and it does not appear that its contents were made known to plaintiff or that it was intended to be any part of a contract.[2]

**3. APPEAL AND ERROR—JURY'S DETERMINATION OF ISSUE OF FACT FINAL—SPECIAL QUESTION.**

Where the issue as to whether defendant agreed to deliver to plaintiff a passbook with a credit to him of a certain amount within three months or return to him his money, as affirmed by plaintiff and denied by defendant, was properly presented to the jury by a special question proffered by defendant, the jury's answer in the affirmative is final.[3]

**4. BANKS AND BANKING—INTEREST—DAMAGES.**

Where a bank agreed to deliver to plaintiff a passbook with a credit to him of a certain amount in a foreign bank within three months or return to him his money, the plaintiff was entitled to the return of his money, with interest from the day of the bank's default.[4]

*Error* to Wayne; Codd (George P.), J.   Submitted October 9, 1925.   (Docket No. 44.)   Decided April 14, 1926.

Assumpsit by Wladimir Skuratowicz against the Highland Park State Bank for money paid to defendant to be deposited for plaintiff in a foreign bank. Judgment for plaintiff.   Defendant brings error.   Affirmed.

*Anderson, Wilcox, Lacy & Lawson, Clarence J. Huddleston, Beckenstein & Beckenstein,* and *Maurice Sugar,* for appellant.

*Walter M. Nelson,* for appellee.

BIRD, C. J.   Plaintiff went to trial with the defendant on the issue as to whether he placed the sum

[2]Contracts, 13 C. J. § 126 (Anno); [3]Appeal and Error, 4 C. J. § 2830; [4]Banks and Banking, 7 C. J. § 221 (Anno).

of $1,280 in the hands of defendant on July 28, 1916, under its promise to deposit for him 4,000 Russian rubles in the Imperial Russian Savings Bank at Egumieu, and that if it failed to deliver to plaintiff a savings book with a credit of 4,000 rubles of that bank within three months it would return to him the $1,280.

Plaintiff shows that defendant made him such a promise, but never delivered to him the savings book nor returned to him the $1,280. The defendant denied. that it made such an agreement. The matter was submitted to a jury and they found for plaintiff a verdict of $1,280, plus interest thereon from the end of the three months to the day of trial.

Defendant gave plaintiff the following receipt:

"HIGHLAND PARK STATE BANK.
"Highland Park, Mich.,
July 28, 1916.
"Received from Wladimir Skuratowicz, 117 Cott. Grove, Imperial Russian Savings Bank, Egumieu, Russia, book in America by Wladimir Siemionow Skuratowicz, 4,000 rub.

"FOREIGN DEPT.,
"R. M. W."

The receipt did not show the entire agreement, but parol proof was admitted to supply such portion of the agreement as was not evidenced by the receipt. Counsel claim that parol proof was not admissible to vary or contradict the terms of the receipt. It is claimed the case of *Karnov* v. *Goldman*, 229 Mich. 551, controls. We do not think that case is in point. Attention was called especially to the fact, by Chief Justice CLARK, who wrote the opinion, that in that case the receipt was incorporated within a contract, and, therefore, did not come within the rule that a mere receipt may be varied or contradicted by parol evidence. In the case at bar the receipt was not in-

corporated in any contract.    Therefore, it is obvious that the holding in that case does not apply.

But it is argued that the contract in the *Karnov Case* was substantially like the present one if we consider the receipt in connection with the memoranda which the officer in charge of the foreign department of the bank made when the transaction was had.    The memoranda which defendant made for its own convenience appears in the following form:

"HIGHLAND PARK STATE BANK,
Highland Park, Michigan,
U. S. A.

No. 93,042.

APPLICATION.

To Receive Bank Book from the Imperial
Savings Bank.

To Egumieu...............Imperial Savings Bank,
City—Egumieu,
Province—Minsk.

Amount of rubles—4000 R., four thousand rubles.
Name of depositor—Wesdimis Smenov Skuratowicz.
His age—28 years.
Name of father—Semen Zachrov Skuratowicz.
Name of mother—Antonyna Ivancovia Skuratowicz.
If married, name of wife—single.
Place where he was born:    1. Village of Shbun.
2. Township of Veynukj.
3. County of Egumieu.
4. State of Minsk.

Occupation—Laborer.

"In case of my sudden death the money which belongs to me should be given to Alexander Vykentin Skuratowicz, brother.

"Signature of depositor—Cannot write."

It will be noted that the memoranda was on a separate paper and simply contained a recital of information which a banker might desire in dealing with a foreign customer who could not talk English.    The memoranda in *Karnov* v. *Goldman* contained a contract.    The memoranda in the present case does not.

The memoranda in the *Karnov Case* contained a limitation of liability. The memoranda in this case contained no such limitation. The memoranda in the *Karnov Case* was signed. The memoranda in the present case is signed by no one, and it does not appear that plaintiff was informed of its contents or that it was intended to be any part of a contract.

Much of defendant's brief is taken up with argument on a different state of facts than was presented at the trial. An ordinary case of the sale of foreign exchange is used as a basis for much of counsel's argument. This was not the ordinary sale of foreign exchange. The plaintiff says, in substance:

"When I gave defendant the $1,280 to deposit for me in the bank at Egumieu it promised me the savings book of that bank with a credit of 4,000 rubles within three months or the return of my money."

That was the issue and that issue was resolved against the defendant by the jury. Defendant proffered a special question, which was submitted to the jury, as to whether defendant made such a promise to plaintiff, and the jury answered in the affirmative. This must settle the question of fact. The case is ruled by *Cechanowicz* v. *Highland Park State Bank,* 224 Mich. 37.

Some complaint is made about the rule of damages which the court gave to the jury. The jury were instructed if they found for plaintiff he would be entitled to interest from the 28th day of October, 1916, the day of default. We think there was no error in this. Had the defendant kept its agreement plaintiff would have had his money returned to him on that date. On that day the bank was in default. If it has wrongfully had plaintiff's money since that date it should pay him the legal rate of interest. Counsel calls our attention to the fact that this measure of damages has recently been approved in the United States court

in *Hicks* v. *Guinness,* U. S. Adv. Ops. 1925-26, p. 79 (46 Sup. Ct. 46).

We think there is no merit in the remaining assignments.

The judgment is affirmed.

SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

Justice MOORE took no part in this decision.