ROMANUICK *v.* HIGHLAND PARK STATE BANK.

1. BANKS AND BANKING—EVIDENCE—ORAL TESTIMONY ADMISSIBLE WHERE WRITING GIVEN WAS RECEIPT AND NOT CONTRACT.

In an action against a bank for money paid to it to be deposited to plaintiff's credit in a foreign bank, where the writing given to plaintiff was a receipt merely, testimony of an oral contract to deliver to plaintiff a passbook issued in his name within two months or return the money, was admissible.[1]

2. NEW TRIAL—GREAT WEIGHT OF EVIDENCE—TEST TO BE APPLIED.

The denial of a motion for a new trial on the ground that the verdict was against the weight of the evidence, will not be reversed where it cannot be said that the verdict was manifestly against the overwhelming weight of the evidence, which is the test to be applied.[2]

3. SAME—NEWLY-DISCOVERED EVIDENCE—CUMULATIVE.

In denying a second motion for a new trial on the ground of newly-discovered evidence, there was no abuse of discretion on the part of the trial judge where it appears

---

[1]Banks and Banking, 7 C. J. § 376; Evidence, 22 C. J. § 1520;
[2]New Trial, 29 Cyc. p. 822.

that the newly-discovered evidence was plaintiff's application for the transmission of money to Russia, that it was cumulative of the stub which had been introduced in evidence, which favored defendant's contention that the passbook was to be delivered to plaintiff's wife in Russia, rather than delivered to him, as he claimed, that it had been in defendant's possession at all times, and that it had over two years in which to prepare its case for trial.[3]

4. BANKS AND BANKING—EVIDENCE—TESTIMONY AS TO PRELIMINARY NEGOTIATIONS LEADING UP TO ORAL CONTRACT ADMISSIBLE. There was no error in admitting plaintiff's testimony as to preliminary talks and negotiations leading up to the consummation of an oral contract whereby the bank agreed to deposit money to his credit in a foreign bank and deliver to him a passbook within two months or return the money.[4]

Error to Wayne; Brown (William B.), J., presiding. Submitted April 16, 1926. (Docket No. 112.) Decided June 7, 1926. Rehearing denied October 4, 1926.

Assumpsit by Nicholas Romanuick against the Highland Park State Bank for money paid to defendant to be deposited for plaintiff in a foreign bank. Judgment for plaintiff. Defendant brings error. Affirmed.

*Anderson, Wilcox, Lacy & Lawson* (*Clarence J. Huddleston, Beckenstein & Wienner,* and *Maurice Sugar,* of counsel), for appellant.

*Harry J. Lippman* (*Ernest W. Ver Wiebe,* of counsel), for appellee.

On July 16, 1917, plaintiff drew from his account in defendant bank the sum of $2,500 and turned it over to Mr. Gruenberg, defendant's agent and employee in its foreign exchange department for transmission to Russia, and was given the following instrument:

---

[3]New Trial, 29 Cyc. pp. 886, 911; [4]Banks and Banking, 7 C. J. § 376; Contracts, 13 C. J. § 960.

"REMITTER'S RECEIPT.
Caution
Send Check by Registered Mail.
"This check is sold with the understanding that it will be paid in accordance with the laws of the country on which drawn, which usually do not require identification of payees.

"We have this day issued our check No. 47770.
Amount of Foreign Money, Rs. 10,000.
Rate, 25 $2,500.00.
Payable to Government Savings Bank of Moscow.
By
At Moscow.
Sold to Nik Romanuick.
Dated July 16, 1917.
HIGHLAND PARK STATE BANK.
Gruenberg.
Opposite Side.
HIGHLAND PARK STATE BANK.
(Foreign Exchange Dept.)
Highland Park, Mich."

Plaintiff claims and was permitted to testify over objection that the money was turned over to the bank under an agreement that it was to be deposited by the bank in the government bank at Moscow, Russia, and a passbook issued in his name and delivered to him within two months or his money would be repaid to him.    He claims the bank failed to carry out its agreement, that no passbook was ever delivered to him although he waited over five years before bringing suit, and that he was promised that the book would come many times when he talked with bank officials about it. He also was permitted to testify to conversation with Mr. Gruenberg leading up to the final consummation of the agreement.    Plaintiff recovered judgment which is here reviewed on this writ of error and defendant's counsel thus state the questions raised:

"The questions involved and errors relied upon are as follows:

"(1) The court erred in admitting the testimony of the plaintiff to the effect that on July 16, 1917,

an oral agreement was made between the parties, whereby the defendant agreed to deposit the sum of $2,500 in the Russian bank, and upon its failure to deposit same and to return to plaintiff a passbook within two months, defendant would return to him the sum of $2,500 with interest, on the ground that said testimony varied the terms of the written contract evidenced by the memorandum, Exhibit 1.

"(2). Prejudicial argument of counsel in his closing argument to the jury.

"(3) The failure of the plaintiff to prove nondelivery of the money.

"(4) The failure of the plaintiff to prove any damages.

"(5) The denial of defendant's motion for a new trial.

"(6) The admissibility of testimony as to conversations between plaintiff and defendant's agent, prior to the transaction of July 16, 1917."

FELLOWS, J. (after stating the facts). 1, 3, 4. The questions discussed under these heads are substantially identical with the questions urged in *Skuratowicz* v. *Highland Park State Bank*, 234 Mich. 356, and defendant's brief in this case follows very closely the brief in that case. We there held that inasmuch as the paper was but a receipt, parol proof was admissible to show the agreement between the parties, and distinguished the case from *Karnov* v. *Goldman,*. 229 Mich. 551, in which case the parties had reduced their agreement to writing, and we there held that the case was controlled by *Cechanowicz* v. *Highland Park State Bank*, 224 Mich. 37. It is possible that this case went somewhat further than the *Cechanowicz Case*. In that case we disposed only of the questions arising upon the record there presented. The later case, however, logically follows it. In the *Skuratowicz Case* we also had the same questions raised as in the instant case of proof of nondelivery and the measure of damages. We must hold that upon the questions

discussed under these three heads that case is controlling.

2. We are not persuaded that the argument of plaintiff's counsel constituted reversible error. The court quite carefully guarded the rights of defendant and our reports contain many cases not necessary to cite where we have refused to reverse cases on arguments which went much further than the one in this case.

5. Defendant made a motion for a new trial, alleging among other reasons that the verdict was against the weight of the evidence. This was overruled. In considering this motion we can, of course, only consider the evidence adduced on the trial. We do not think the verdict is manifestly against the overwhelming weight of the evidence produced on the trial, and that is the test we must apply. Plaintiff testified to making the agreement with Mr. Gruenberg. He in turn denied making the agreement with plaintiff but at the same time frankly acknowledged that he did not have a present recollection of this particular transaction. There were no other witnesses to the transaction. The jury believed the plaintiff and the trial judge placed his approval on the verdict. We can not say upon this record that the testimony introduced by defendant so overwhelmingly outweighed that of plaintiff as to justify us in reversing the case on this ground.

A second motion for a new trial based on the ground of newly-discovered evidence was made. Upon the trial defendant produced the stub made at the time of the transaction but was unable to produce plaintiff's application, which had been separated from the stub. The stub showed that the passbook to be issued by the Russian bank was to be delivered to plaintiff's wife in Russia. After the trial the bank discovered the application which corresponded with the stub and was confirmatory of defendant's claim. Upon the argu-

ment the writer was quite strongly impressed that the trial judge could have wisely granted the motion. But the question before us is whether he committed error in refusing to grant it. There was considerable testimony given on the hearing of the motion. The case was commenced December 11, 1922; the trial commenced February 6, 1925. Defendant, therefore, had over two years to prepare its case. The papers were all in its possession; it was instructed by its attorney to gather up all documents bearing on the transaction; its employees say they searched but did not find this particular document until after the trial. It was cumulative of the stub. We are persuaded that the ruling of the trial judge was well within our decisions. The rule to be observed was so clearly stated by Mr. Justice Moore in *Canfield* v. *City of Jackson,* 112 Mich. 120, that we quote it and forego citation of other authorities. He there said:

"A second motion for a new trial was made on the ground of newly-discovered evidence. The motion was overruled. We think properly so. 'A motion for a new trial, upon the ground of newly-discovered evidence, is not regarded with favor. The policy of the law is to require of parties care, diligence, and vigilance in securing and presenting evidence.' Elliott, App. Proc. § 857. To entitle one to a new trial upon this ground it should be shown: *First,* that the evidence, and not merely its materiality, be newly-discovered; *second,* that the evidence be not cumulative merely; *third,* that it be such as to render a different result probable on a retrial of the cause; *fourth,* that the party could not with reasonable diligence have discovered and produced it at the trial. Hayne, New Trial & App. §§ 88-92, and many cases there cited; *Gray* v. *Barton,* 62 Mich. 186. Defendant failed to make such a showing as to entitle it to a new trial."

The trial judge heard the testimony on the trial, together with that given on the motion for a new trial, and denied the motion. We may be convinced that the plaintiff's case is not as righteous a one as his

counsel seem to believe.     We may even be convinced that the case is a hard one, but hard cases should not be permitted to make shipwreck of the law.   ' The decision of the trial judge was clearly within the law and will not be disturbed.

6. Plaintiff was permitted to testify to preliminary talks and negotiations leading up to the consummation of the transaction.     We perceive no error in this.

The judgment must be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.