### OKULICH *v.* GOLDMAN.

1. PLEADING—AMENDMENT—ABUSE OF DISCRETION.
   Where an action in assumpsit to recover money paid to defendants to be deposited in a foreign bank had been pending nearly three years, there was no abuse of discretion on the part of the trial judge in rejecting an amendment to the declaration offered just as the case was about to be placed on trial, which attacked as fraudulent the instrument first declared upon as constituting the true

[1]Pleading, 31 Cyc. pp. 372, 394, 410, 421.

contract between the parties, and injected an entirely new issue into the case.

2. SAME — STATUTE OF AMENDMENTS SHOULD BE LIBERALLY CONSTRUED.

In furtherance of justice, trial courts should give the statute of amendments liberal construction.

3. MONEY RECEIVED — ACTION TO RECOVER MONEY RECEIVED AN EQUITABLE ONE.

An action to recover money which one has received from another and is bound to return is recognized by the court as an equitable one, and it has been liberal in permitting recovery on the common counts without special averment as to the circumstances of the money's delivery.

4. PLEADING—CONTRACTS—FRAUD SHOULD BE PLEADED.

Where fraud is claimed in connection with a contract sued upon, it should be pleaded, and the opposite party informed that such is the claim.

5. MONEY RECEIVED—FRAUD MAY NOT BE SHOWN UNDER COMMON COUNTS.

In an action in assumpsit to recover money paid to defendants to be deposited in a foreign bank, where no claim of fraud was pleaded, plaintiff's offer to show, under the common counts, that defendants perpetrated a fraud on him by representing that the written agreement contained an agreement to deposit the money in a foreign bank in plaintiff's name and deliver to him a book evidencing such deposit within two months or return the money was properly rejected.

6. BANKS AND BANKING—EVIDENCE—DIRECTED VERDICT.

In an action to recover money paid to defendants to be deposited in a foreign bank, where there was no competent proof that it was not transmitted, and there was testimony to the contrary showing that it had been transmitted, there was nothing for the jury to decide.

7. EVIDENCE—WRITTEN CONTRACTS—PAROL TESTIMONY.

In an action to recover money paid to defendants to be deposited in a foreign bank, plaintiff's testimony as to defendants' claimed oral agreement to deliver to him a passbook within two months evidencing such deposit or

---

[2]Pleading, 31 Cyc. p. 361; Statutes, 36 Cyc. p. 1188; [3]Money Received, 41 C. J. §§ 2, 66; [4]Fraud, 27 C. J. § 144; Pleading, 31 Cyc. p. 100; [5]Money Received, 41 C. J. § 73; [6]Banks and Banking, 7 C. J. § 570; [7]Evidence, 22 C. J. § 1459.

return the money, which was in variance and contradiction of the written contract, was properly excluded.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted January 21, 1927. (Docket No. 130.) Decided July 29, 1927.

Assumpsit by Konstantin Okulich against David Goldman and Hirsch Goldman, copartners as Goldman Brothers, for money paid to defendants to be deposited for plaintiff in a foreign bank. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Harry J. Lippman* (*Ernest W. Ver Wiebe*, of counsel), for appellant.

*Beckenstein & Weinner*, for appellees.

Plaintiff first declared specially against defendants, bankers, in a plea of trespass on the case upon promises, to recover $1,230 given them to be deposited for him in a bank in Petrograd, Russia. He alleged he was to receive from them a deposit book showing the deposit in the Russian bank, but that it had not been furnished, although demanded on many occasions. He also declared on the common counts in assumpsit. This declaration was filed April 13, 1923. October 31, 1923, an amended declaration was filed alleging that defendants had agreed to deposit the amount received from him in a Russian bank in Petrograd to his credit and to deliver him a bank book containing the entry within two months, and that failing to do so they would return plaintiff his money. February 6, 1926, by leave of the court, Hon. Frank Shepherd, then sitting in Wayne county, the declaration was again amended by charging fraud upon the part of defendants in representing to plaintiff that there was contained in the original contract between them the agreement relative to the passbook and the return of the money as

alleged in the first amendment to the declaration. But on March 23, 1926, the order permitting this amendment was rescinded by Judge Shepherd "for the purpose of allowing the judge before whom the above cause may be assigned for trial to pass upon the motion of the plaintiff to amend said declaration." Judge Lamb, who presided at the trial, refused permission to file the second amended declaration, because the action was originally predicated on contract and was one in assumpsit, and because the proposed amendment introduced a new and separate cause of action sounding in tort and that different testimony would be required to establish a case and the measure of damages would also be different. The case thereupon proceeded to trial and resulted in a directed verdict of no cause for action.

Plaintiff brings error, claiming the court erred:

(1) in not allowing the amended declaration to be filed; (2) in not permitting the fraud alleged to be shown under the common counts; and (3) in not submitting the question as to deposit of the money to the jury.

The written instrument declared upon is as follows:

"Exhibit A.

"Goldman Bros., Bankers, 393 Hastings St., Detroit, Michigan. Authorized steamship ticket agents, Foreign Exchange, Drafts, Travelers' Checks and Money Orders to all parts of the world.

Date 7/16/17. Received from Konts. Okulich, 120 Carpenter, Hamtr. $1,230 for transmittance by mail of Rs 5,000 to address specified in the margin hereon.

Payee: Casper Kacoa Temporpadr Okuagre Kosiemasimusia Okyrusa Ksusicky Cosbpanumi Kre. Goldman Bros.

Goldman Bros. Per D.

"Foreign Amount 5,000 Rs.

"Our liability toward the sender to be no greater than the liability of the European P. O. toward us, all claims in case of loss of money to be adjusted only when the amount is received by our correspondent from the European post office.   In case this payment is returned by the European post office for any reason whatsoever, same to be refunded at the current rate of exchange prevailing on the date of return of such funds."

Snow, J. (_after stating the facts_) :   1. Did the trial judge err in denying plaintiff's application to amend the declaration a second time?   The case was begun in April, 1923, by declaration.   The following October the declaration was amended.   No attempt at further amendment was made until February, 1926, when the case was about to be placed on trial.   The proffered amendment attacked as fraudulent the instrument first declared upon as constituting the true contract between the parties.   It was a complete change of position, and injected an entirely new issue into the case.   We feel that in the furtherance of justice trial courts should give the statute of amendments liberal construction, but we are not impressed that this amendment would have accomplished such result.   It cannot be said, under the circumstances, that there was an abuse of discretion on the part of the trial judge in denying this amendment.   See _Taylor_ v. _Goldsmith_, 228 Mich. 259.

2. Should plaintiff have been permitted to show, under the common counts for money had and received, that defendants perpetrated a fraud upon him by representing that the writing contained an agreement to deposit the money in the Russian bank in plaintiff's name and an agreement to deliver him a book evidencing such deposit in two months or return him the money?

While this question has never been squarely before this court, it has always recognized that an action to

recover money which one has received from another and is bound to return is an equitable one, and has been liberal in permitting recovery on the common counts without special averment as to the circumstances of the money's delivery.   See *Harty* v. *Teagan,* 150 Mich. 77, and citations, which cover most of the cases we have considered.   See, also, *Hicks* v. *Steel,* 126 Mich. 408; *Phippen* v. *Morehouse,* 50 Mich. 537; *Angell* v. *Loomis,* 97 Mich. 5; *DeCroupet* v. *Frank,* 212 Mich. 467, and cases.   And it is here insisted by plaintiff that he should have been permitted to show the fraud claimed under the common counts as pleaded in his original declaration.   But we can see no good reason why, where fraud is claimed in connection with a contract sued upon, it should not be pleaded and the opposite party informed that such is the claim. We are persuaded that this is the safer and the fairer rule and entails no task or hardship upon the pleader.

As illustrated here:  The contract had always been in possession of plaintiff.   After consulting with his attorney he must have known whether or not its contents were as he understood them to be.   He declared on it as representing the actual agreement.   Without allegation of fraud, defendants had no way of knowing of such a claim, but because of the declaration on the contract they had every right to assume that none was in fact made.   The claim of fraud should have been pleaded, and the offer to show it under the common counts was properly rejected.

3. Under competent evidence, was there a question of fact for the consideration of the jury?   The contract in the instant case was to transmit 5,000 rubles. There is no competent proof that it was not accomplished.   On the other hand, testimony to the contrary, in the form of an acknowledgment from the Russian Commercial and Industrial Bank of the re-

ceipt of such remittance and its transfer to the Imperial Savings Bank, was received without objection. There was nothing for the jury to decide.    Plaintiff's testimony as to the passbook and the return of the money to him, offered in variance and contradiction of the terms of the written contract, was properly excluded.    The first proposition is ruled by *Kolodig* v. *Highland Park State Bank*, 226 Mich. 197, and the second by *Karnov* v. *Goldman*, 229 Mich. 551.

Judgment is affirmed.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.    CLARK, J., did not sit.