KORONEC *v.* HIGHLAND PARK STATE BANK.

1. BANKS AND BANKING—CONTRACTS—EVIDENCE—ORAL CONTRACTS.
   In an action against a bank for money paid to it to be deposited to plaintiff's credit in a foreign bank, where he was given a receipt for the money, the admissibility of testimony as to an oral agreement to deliver to plaintiff a passbook issued to him by the designated bank within a limited period or repay him the money depended upon whether plaintiff signed a written application, constituting a written contract.

2. SAME—QUESTION FOR JURY.
   Where testimony in behalf of the bank that plaintiff signed a written application was denied by him, an issue of fact was presented for the jury.

3. LIMITATION OF ACTIONS—ACTION NOT BARRED IF PERFORMANCE POSTPONED BY AGREEMENT.
   An action for money paid to a bank which it agreed to deposit in plaintiff's name in a foreign bank and deliver to him a passbook issued to him by the designated bank within a limited time or return to him the money is not barred by the statute of limitations if the time of performance was by later agreements postponed from time to time.

Error to Wayne; Houghton (Samuel G.), J., presiding. Submitted June 13, 1928. (Docket No. 140, Calendar No. 33,850.) Decided December 4, 1928.

Assumpsit by Simion Koronec against the Highland Park State Bank for money paid by plaintiff to be deposited in a foreign bank. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Charles A. Lorenzo,* for appellant.

*Anderson, Wilcox, Lacy & Lawson (C. J. Huddleston,* of counsel), for appellee.

Clark, J. This is another so-called foreign exchange case, in which verdict was directed for defendant, and plaintiff brings error. Plaintiff, in June, 1917, went to defendant bank and paid to it $990 to have remittance for deposit of 4,000 rubles in a bank in Moscow. He was given a remitter's receipt like that set forth in *Romanuick* v. *State Bank*, 235 Mich. 217. Plaintiff testified of a contemporaneous parol agreement that defendant agreed to get from the designated bank within a limited time a passbook and to deliver it to him, and, if it failed in that, the money was to be repaid to him. If the application in this case (in form substantially like that set forth in *Skuratowicz* v. *State Bank*, 234 Mich. 356) was signed by plaintiff the case is ruled by *Karnov* v. *Goldman*, 229 Mich. 551, and other like cases, the parol evidence was not admissible, and verdict was properly directed. If there was not an application signed by plaintiff, the parol evidence was admissible under the authority of the two cases first above cited. The defendant had testimony that plaintiff did sign, and that the signing was indispensable in such a case. Plaintiff denied signing, and denied what purported to be his signature. This made an issue of fact for the jury.

If the jury on another trial shall find that plaintiff did sign, the verdict will be for defendant. If it be found that plaintiff did not sign, the jury will then determine whether the parol agreement was in fact made. If the agreement be found to have been made, there will be another question of fact, whether the time of performance of the claimed agreement was by later agreements postponed from time to time. If there were postponements, as claimed here by plaintiff, the action is not barred by the statute of limitations. If there were no postponements, as

contended by defendant, the action, on this record, would be barred.

Reversed. New trial granted. Costs to abide result.

Fead, C. J., and North, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.