KORONEC *v.* HIGHLAND PARK STATE BANK.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE MUST BE AFFIRMED IF RIGHT. ·

    If judgment entered for defendant notwithstanding verdict for plaintiff is right, in point of fact most favorable to plaintiff and applicable law, it must be affirmed.

2. BANKS AND BANKING—FOREIGN CREDIT—FAILURE TO DELIVER PASSBOOK.

    In action against bank to recover money paid it for deposit in certain Russian bank and return and delivery to plaintiff of passbook showing credit therefor, plaintiff was not entitled to recover, notwithstanding failure to deliver passbook, where money was sent to Russia, but either before or after it was deposited in specified bank all banks in Russia were confiscated by Bolsheviks, since plaintiff lost nothing by failure to deliver worthless passbook.

Error to Wayne; Lamb (Fred S.), J., presiding. Submitted October 11, 1929. (Docket No. 81, Calendar No. 34,486.) Decided January 24, 1930. Rehearing denied April 7, 1930.

Assumpsit by Simion Koronec against the Highland Park State Bank for money paid by plaintiff to be deposited in a foreign bank. From judgment *non obstante veredicto* for defendant, plaintiff brings error. Affirmed.

*Charles A. Lorenzo,* for plaintiff.

*Anderson, Wilcox, Lacy & Lawson* (*C. J. Huddleston,* of counsel), for defendant.

Wiest, C. J. June 18, 1917, plaintiff went to defendant bank and paid $990, to have a credit of 4,000 rubles established for him in the Moscow Government Savings Bank at Moscow, Russia, with a passbook returned and delivered to him. Not receiving the passbook from defendant, he brought this suit to recover the money paid, and, upon trial by jury, had verdict, but, notwithstanding, the court entered judgment for defendant. Plaintiff reviews by writ of error, and defendant alleges cross-errors upon the trial.

If the judgment is right, in point of fact most favorable to plaintiff and applicable law, it must be affirmed. When the case was here before (244 Mich. 557), we stated two issues of fact to be submitted upon a new trial. Such issues have been submitted to a jury and both found as claimed by plaintiff. At the trial under review, some new evidence was introduced and presents the question of law we will now consider.

The contract for establishment of the credit was silent as to ways and means, and, therefore, defendant was authorized to employ the usual and approved method adopted by banks. The defendant bank handled the matter in the usual and approved way by sending its check for the amount to the foreign

exchange department of the American Express Company, New York City, accompanied by instructions to cause the credit to be established in the Government Savings Bank in Moscow. The express company had a large deposit in the Russian Asiatic Bank, its correspondent, at Petrograd, one of the then principal banks in Russia, and sent its check to the Petrograd bank with instructions to establish the credit in the Moscow bank. By letter, dated Petrograd, August 22, 1917, the Russian Asiatic Bank acknowledged receipt of the express company check and the instructions. Whether the credit was established by the Petrograd bank in the Moscow bank is not known or possible of finding out, for the Bolsheviks overthrew the provisional government in October, 1917, and, according to the undisputed evidence of a former Russian lawyer, judge, prosecutor, and man of affairs, who lived in Petrograd in October, 1917, and visited Moscow each week, had dealings with the Russian Asiatic Bank in Petrograd, and was familiar with the Government Savings Bank in Moscow, and is now a sweeper in the Ford factory in Detroit, the Bolsheviks seized and confiscated all the banks and destroyed their records. If this confiscation by the Bolsheviks was after the credit was established by the Petrograd bank in the Moscow bank, then defendant performed all it had agreed to do, except to obtain and deliver to plaintiff a passbook from the Moscow bank. A passbook, under such circumstances, would not be worth the paper employed, for, in such case, plaintiff's money was lost after reaching the place where he had directed it to be deposited. We must assume what has just been stated, or that the Moscow bank was confiscated and ceased to exist before the deposit to plaintiff's credit reached there, and, in such

event, the destruction of the Petrograd bank rendered stoppage not only impossible but futile, and the destruction of the Moscow bank made it impossible, because of the nonexistence of that bank, to execute the contract as well as to render an effort to that effect absolutely useless, for both banks were destroyed.

The circuit judge was requested by defendant to instruct the jury:

"Because of nonexistence of the Bank of Moscow, that your verdict be for the defendant in no cause for action."

That instruction was not given, although the court stated:

"It is further claimed that the defendant performed its part of the contract by sending the rubles to the bank in Russia, with instructions what to do with them, and by reason of the fact that the bank in Russia ceased to exist, a fact for which the defendant was in no way responsible, and cannot be liable to the plaintiff in this case."

The court did not instruct the jury what use to make of this defense if established by the evidence.

History tells us that Russia was in turmoil, commencing with the revolution which culminated in the abdication of the Tsar on March 15, 1917, and the establishment of the provisional government which, in turn, was overthrown by the Bolsheviks in October, 1917.

Plaintiff having designated a bank in which defendant should establish a credit in his behalf, and it appearing that defendant, in the usual course, paid to have such credit established, and having traced the transit of the money to the bank in Petro-

grad, and it appearing that the bank in Petrograd and the bank in Moscow, selected by plaintiff, were confiscated and destroyed by the Bolsheviks, the defendant is not only excused from furnishing plaintiff with a passbook but is not liable in this action.

The contract was executory. In designating the Moscow bank as the place for defendant to establish the credit by deposit, the law implied, in the absence of express stipulation on the subject, that the parties dealt with a view to the continued existence of the designated bank, and, when defendant established the fact that, in the usual and approved course of carrying out the terms of the contract, it purchased and paid for the 4,000 rubles and the credit therefor was established in the Petrograd bank, with direction to transmit the credit to the Moscow bank, and both banks were confiscated and credit therein rendered worthless, the loss is not to be placed upon defendant. Nondelivery of a worthless passbook did not result in any loss to plaintiff.

The judgment is affirmed, with costs to defendant.

POTTER, SHARPE, and NORTH, JJ., concurred. CLARK, J., concurred in the result. BUTZEL and FEAD, JJ., did not sit. MCDONALD, J., took no part in this decision.