### No. 97
### KLONOWSKI v. MONCZEWSKI
Ohio Supreme Court

No. 17887. Filed Mar. 6; decided Jan. 29, 1924
The complete, official syllabus of this case appeared in last number of Abstract, p. 99

480. EVIDENCE—A receipt for money may constitute a written contract between the parties though signed by one only, and taking possession thereof by the party not signing, tends to establish his assent to its terms, but neither party can contend that this receipt embraces the entire contract and cannot therefore be enlarged, contradicted, or explained when evidence of an oral contract is admitted without objection, and is also admitted in the pleadings of both parties.

MATTHIAS, J.

#### Epitomized Opinion
#### First Publication of this Opinion

This action was commenced in Cleveland Municipal Court. Monczewski sued Klonowski, who conducted a savings bank, to recover $827.65 which M. alleged he paid to K. under a verbal agreement of K. to purchase 42,000 marks of Polish money, and to forward the same to the bank in Warsaw, and to return to M. the official bank book of such bank within ten weeks. M. alleged that K. failed to procure or deliver to him the bank book, and that after demand was made by him, K. admitted that he had not procured the book and thereupon M. demanded the money, which was refused.

K. admitted in his answer the oral agreement, except that he denied any agreement to return the book as soon as it was received. K. also alleged that after the suit was filed the bank book was received and that he was ready to turn it over. Evidence of the oral agreement was admitted without objection by K. A verdict was returned for M., judgment was rendered thereon, and the Court of Appeals affirmed the judgment.

At the time of the transaction, K. signed and delivered to M. a written acknowledgment of the receipt of the money, and also wrote thereon "to be remitted to Warsaw bank." K. contended that this receipt, having been signed by K. and accepted by M., constituted a written contract, and that evidence of a verbal contract wherein any obligations were imposed in addition to those set forth in the receipt, was not admissible. In affirming the judgment, the Supreme Court held:

1. "It may be stated as a general proposition that where a writing in the form of a receipt embodies a new obligation and purports to set out the purpose for which the money is received and the manner in which it is to be used, it may constitute a written contract between the parties, though signed by one only; and the fact that the party not signing takes the instrument into his possession, control and custody, may establish his assent to its terms. 10 OS. 420." This question is not presented in this case, for evidence of the oral agreement was received without objection, and the pleadings admitted the oral agreement. "In such situation defendant cannot raise the question or make the contention that the instrument signed by him and delivered to the plaintiff embraced a contract between them which cannot be enlarged, contradicted, or explaned by parol."

Attorneys—Stearns, Chamberlain & Royon, for Klonowski; V. J. Conrad, for Monczewski, all of Cleveland.