## VASU v. PEOPLE'S STATE BANK.

1. EVIDENCE—CONTRACTS—PAROL TESTIMONY NOT COMPETENT TO VARY TERMS OF WRITTEN CONTRACT.

Testimony of an oral agreement that defendant bank would return money to plaintiff if passbooks were not received in two or three months was not admissible to

vary the terms of a written contract whereby defend-
ant undertook to transmit money to be deposited in plain-
tiff's name in a bank in a foreign country.[1]

2. SAME—ADMISSIONS—DIRECTED VERDICT.

In an action for money deposited under an agreement by
defendant bank to transmit it to a foreign bank, plain-
tiff's testimony that defendant offered him a passbook,
but not the one to which he claimed to be entitled, was
not an admission justifying a directed verdict for de-
fendant, since it might have produced such book and
settled the question if it had it in its possession.[2]

Error to Wayne; Hunt (Ormond F.), J.    Submitted
January 12, 1926.    (Docket No. 111.)    Decided
April 30, 1926.

Assumpsit by Ivan Vasu against the People's State
Bank for money paid to defendant to be deposited for
plaintiff in a foreign bank.    Judgment for plaintiff.
Defendant brings error.    Reversed.

*Lightner, Oxtoby, Hanley & Crawford* (*Lester P.
Dodd*, of counsel), for appellant.

*M. E. Silverstein*, for appellee.

McDONALD, J.    The plaintiff recovered a judgment
of $2,811.55 for money deposited with the defendant
for transmission to a foreign bank.    The defendant
brings error.

In addition to the common counts the declaration
alleges:

"That heretofore, to wit, on the 8th of September,
1919, and on the 15th of September, 1919, the said
defendant received from the plaintiff at its Russell
street branch, the sum of twenty-one hundred and
forty-five ($2,145) dollars, which said sum of $2,145
was to be transmitted by the defendant to Hungary
and to Jugo-Slavia for credit to the account of the

---

[1]Evidence, 22 C. J. § 1663; [2]Banks and Banking, 7 C. J. § 377.

plaintiff and the passbook to be returned to the plaintiff. That the said defendant failed and neglected to transmit the said money as agreed by it and that the said money was never transmitted in accordance with the agreement on the part of the defendant."

The transaction between the parties is evidenced by the following writing:

"City of Detroit, Mich.    Date Sept. 8, 1919.    No. 215263.
Received from Ivan Vasu, 842 Franklin St.
Twelve hundred................Dollars.    $1,200.00
the equivalent of which foreign Sixty Thousand
                        amount
Kronen to be remitted to:        Banca Victoria
Address:   Arad, Hungary
For Credit to Ivan Vasu's Account
Passbook to be Returned to Us.
The delivery of this amount will be subject to the rules and regulations of the foreign Post Offices in question.    Claims should be made not later than four months from date.
                "PEOPLE'S STATE BANK
                        Russell St. Branch
                                Ratz
Indorsed on back 'Fate Inquired No. 3, 1920, Traced Mar. 29, 1920.' "

A similar receipt was given on September 15, 1919, showing the deposit of $945 with the defendant for transmission to Temesvar, Banat, Jugo-Slavia. It is claimed by the plaintiff that on both occasions he was told by the teller of the bank that if the passbooks were not received in two or three months, the defendant would return the money. On the trial the defendant offered no testimony, but at the close of plaintiff's case requested the court for a directed verdict for reasons which we will presently consider. The request was denied, and the issues submitted to the jury, resulting in a verdict for the plaintiff.

The record presents the following questions:

1. Did the court err in refusing to strike out the plaintiff's testimony as to the alleged oral agreement, that if the passbooks were not received in two or three months the defendant would return the $2,145? We are convinced that evidence of the oral agreement should not have been submitted to the jury. The writing showing the transaction between the parties is something more than a receipt. It is a contract to transmit money to a foreign bank. The question is controlled by *Karnov* v. *Goldman*, 229 Mich. 551. The court erred in allowing the jury to consider this evidence and for this error the judgment must be reversed.

2. Should the court have directed a verdict for the defendant? It is contended by the defendant that in any event the court should have directed a verdict as to the $945, because of plaintiff's admission that a passbook for that amount had been tendered to him by the bank. When asked if the bank did not tender him a passbook showing the deposit of $945, which was to be transmitted to Temesvar, the plaintiff testified:

"They offer me a book, but it isn't sent that place over there. It isn't my name on that book."

If the bank had any such book it is strange that it was not produced in court. It would have settled the question. It would have shown conclusively that the $945 had been transmitted according to its agreement. Instead of producing the book, if it had one, the defendant was content to rely on what it claims was an admission of the plaintiff. If the book which was tendered to the plaintiff showed that the money was not deposited in his name, or in that place designated in the agreement, it was not such a book as the plaintiff was required to accept. The plaintiff made no admission that would have justified the court in directing a verdict for the defendant as to the $945.

In regard to the other reasons advanced for the direction of a verdict, the claims presented by counsel for the defendant in their brief have been considered. It is not necessary to discuss them because the same questions were before this court in *Cechanowicz* v. *Highland Park State Bank*, 224 Mich. 37, and were there disposed of adversely to the contention here. The court did not err in refusing the defendant's request for a directed verdict.

But for the error in refusing to strike out the testimony as to an oral agreement to return the money, the judgment is reversed, with costs to the defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.