## SHABLUK *v.* HIGHLAND PARK STATE BANK.

1. EVIDENCE—WRITTEN CONTRACT MAY NOT BE VARIED BY PAROL. Where a written application to a bank to purchase rubles and the receipt given for the money paid showed an agreement on the part of plaintiff to buy rubles at a stated price, and on the part of the bank to transmit them to Russia, to deposit them in a certain bank, and to return to the purchaser a passbook showing the deposit, the contract was complete and could not be varied by testimony that the bank orally agreed that if the passbook was not received within two months it would return plaintiff's money.[1]

---

[1] Evidence, 22 C. J. §§ 1459, 1664.

2. Banks and Banking—Question For Jury.

    Whether the bank fulfilled its agreement by depositing the money for the purchaser, where no passbook was ever received, *held*, under the evidence, a question for the jury.[2]

3. Same—Consideration.

    The bank's contention that the written agreement did not provide for depositing the money by it in the Russian bank, and that if there was such an agreement it was without consideration, is without merit.[3]

Error to Wayne; Miller (Guy A.), J.   Submitted June 25, 1926.   (Docket No. 107.)   Decided July 22, 1926.  Rehearing denied October 4, 1926.

Assumpsit by Nick Shabluk against the Highland Park State Bank for money paid to defendant to be deposited for plaintiff in a foreign bank.   Judgment for plaintiff.   Defendant brings error.   Reversed.

*Anderson, Wilcox, Lacy & Lawson (Joseph B. Beckenstein* and *Clarence J. Huddleston,* of counsel), for appellant.

*Harry J. Lippman (Ernest W. Ver Wiebe,* of counsel), for appellee.

McDonald, J.   This action was brought to recover damages for breach of contract to transmit and deposit rubles in a Russian bank.   The plaintiff's testimony tends to show that on the 15th of August, 1917, he went to the defendant bank to deposit $1,952; that he was induced by Mr. Gruenberg, a teller in the foreign exchange department, to purchase rubles with the money and deposit them in the Imperial Savings bank at Moscow, Russia; that he was assured by Mr. Gruenberg that his investment in rubles would return to him a profit of 100 per cent. at the close of the war; that the plaintiff expressed some concern as to the safety of depositing money in Russian banks at that

[2]Banks and Banking, 7 C. J. § 570; [3]Id., 7 C. J. § 233 (Anno).

time, but was assured by Mr. Gruenberg that there was no risk because the bank would make the deposit and deliver to him a savings bank book as evidence thereof, and that if the book were not delivered to him within two months the bank would return his money. The plaintiff says that with that understanding, and to carry on the transaction, he signed the following application:

"HIGHLAND PARK STATE BANK
Highland Park, Mich.
U. S. A.
658,970.

APPLICATION.

"To receive Bank Book from the Imperial Savings Bank.

"Date August 15, 1917.
"To Moscow Imperial Savings Bank,
City of Moscow,
State of Moscow.
Amount of Rubles — 8,500 Eighty-five hundred rubles.
Name of Depositor—Nicholas Theodore Shabluk.
His age—32.
Name of Father—Theodore Anthony Shabluk.
Name of Mother—Maria Shabluk.
If married name of wife — Mary Trokothezna Shabluk.

"Place where he lived.
{
1. Village—Trokrope.
2. Township—Mogelensco.
3. County—Egumen.
4. State—Minsk.
}

"Occupation—Laborer.
"In case of sudden death the money which belongs to me should be given to my wife Mary Trokothezna Shabluk.
"Signature of Depositor — Nicholas Theodore Shabluk.
"HIGHLAND PARK STATE BANK."

On receipt of the money and the application, the defendant bank gave to the plaintiff the following receipt:

"REMITTER'S RECEIPT.
Caution.
Send Check by Registered Mail.

"This check is sold with the understanding that it will be paid in accordance with the laws of the country on which drawn, which usually do not require identification of payee.

"We have this day issued our check No. 658,970.
Amount of foreign money: R 8,500.
Rate Spt. $1,952.00.
Payable to: Gosud Scierehatelmaja Kassa.
By:
At: Moskva, Russia.
Sold to: Michael Shabluk.
Date: Aug. 15, 1917.
                              "HIGHLAND PARK STATE BANK.
                                        "R. M. Wysocki."

The words: "Gosud Scierehatelmaja Kassa" mean "Imperial Savings Bank." The check referred to in this receipt was an American Express Company draft in the amount of 8,500 rubles, payable at the Russo-Asiatic bank, Petrograd, Russia. The draft was signed by the defendant, Highland Park State bank, it having been authorized by the American Express Company to sign such drafts and to draw against its account in the Russo-Asiatic bank. This draft was mailed by the defendant to the Russo-Asiatic bank with the following letter of advice:

"HIGHLAND PARK STATE BANK,

Highland Park, Mich.,

U. S. A.

"Highland Park, Mich., Aug. 15, 1917.
"Russian-Asiatic Bank,
    Petrograd, Russia.
*"Dear Sirs:* We are transmitting you herewith check of American Express Company under No. 658,970 in the sum Rubles 8509.30, eighty-five hundred nine Rubles and thirty Kopecks and request you to deposit the aforesaid moneys in the name of Nicholai

Theodore Shabluk and send the Savings Book which will be given to you in the name of our bank in America.

Computation:
Deposit: p. ................. 8500
Commission: p. ............. 8.50
Post Office Expense: p........ .80
_____
8509.30

"Very truly yours,
"Highland Park State Bank."

At the same time the American Express Company wrote to the Russo-Asiatic Bank asking it to honor the draft on presentation.   An acknowledgment of the receipt of this letter of advice was received by the American Express Company, but the Highland Park State Bank has never received from any source information as to the receipt of its remittance.   Whether the Russo-Asiatic Bank ever received the draft and whether the deposit was made in the Imperial Savings Bank of Moscow, were disputed questions of fact in the case.

The plaintiff had a similar transaction with the Highland Park State Bank on the 26th of September, 1917, at which time he invested $665.   Both transactions are involved in this action.   At the close of the proofs the defendant moved to strike out the testimony of an oral agreement that the defendant would deposit the plaintiff's money in the Imperial Savings Bank in Moscow, Russia, and return it to him in the event that a savings bank book was not received within two months, on the ground that such testimony varied the terms of the written contract between the parties.   This motion was denied.   The defendant then moved for a directed verdict on the same ground and for the additional reason that there was no proof tending to show that the defendant had failed to deposit the money in the Imperial Savings Bank at Moscow, Russia, and that there was no proof of the

plaintiff's damages. This motion was taken under advisement and the issue submitted to the jury. The plaintiff received a verdict for $3,616.48. The defendant moved for a judgment *non obstante veredicto.* This motion was denied and a judgment on the verdict was entered. A motion for a new trial was also refused. The defendant has brought error.

The first question to be considered is whether the trial court erred in receiving testimony of an oral agreement that the defendant bank would deposit for the plaintiff rubles in the Imperial Savings Bank at Moscow, and, that if a savings book showing such deposit were not received within two months, the bank would return plaintiff's money.

It is claimed by the plaintiff that the so-called written agreement between the parties is not complete; that it is nothing more than a mere receipt and may be contradicted or explained by parol evidence. We cannot agree with this contention. The contract is evidenced not only by the receipt given from the bank, but by the application signed by the plaintiff. These two writings together show an agreement on the part of the plaintiff to buy rubles at a stated price, and on the part of the defendant to transmit them to Russia and to deposit them in the Imperial Savings Bank, and to return a savings bank book showing such deposit. The writings on their face show a contract complete so far as terms are stated. Nothing can be added to it by parol. The question is ruled by the holding of this court in *Karnov* v. *Goldman,* 229 Mich. 551, and by *Vasu* v. *People's State Bank,* 234 Mich. 611. Our attention is called to *Romanuick* v. *Highland Park State Bank, ante,* 217, of which it is said that we there held a contract identical with this one to be a mere receipt, and parol evidence of the oral agreement admissible. In that case the receipt was very similar to this one, but there was an applica-

tion which had been lost or mislaid, and was not in the record. The only writing in evidence was the receipt. It was a receipt and nothing more. On its face it did not purport to state any agreement. It did not require either of the parties to do or to refrain from doing any specific thing. It simply showed that the plaintiff had paid a stated amount of cash to the bank and had received a check good for so much foreign money.

The court properly held that such a writing was not a contract and was not varied, changed or added to by evidence of the oral agreement, testified to by the plaintiff. In the case at bar if the only writing between the parties were the receipt, the situation would be identical with that in the *Romanuick Case*, but here we have not only the receipt but a written application which taken together show a contract complete in all its terms. Under the circumstances the alleged oral agreement to return the plaintiff's money if the savings book was not received within two months became merged in the written contract. The court erred in receiving the evidence.

With this oral agreement eliminated from the case, there remains only the question as to whether there was a breach of the contract by the failure of the defendant to deposit the rubles in the Imperial Savings Bank at Moscow. The evidence shows that the defendant bank sent the drafts by registered mail to the Russo-Asiatic Bank at Petrograd. The next step in making the deposit in the Imperial Bank at Moscow would be for the Petrograd bank to advise its Moscow branch to transfer the necessary funds to the savings bank and issue a book in the name of Nick Shabluk, showing that a deposit had been made for him. The application provided for a return of the book to the Highland Park State bank. No book was returned. Under the evidence, whether the defendant fulfilled its

agreement by depositing the money for the plaintiff was a question for the jury, and the trial court submitted it to them in a very clear charge.

There is no merit in the contention of counsel that the written agreement did not provide for depositing the money by the defendant in the Russian bank, and that if there was such an agreement it was without consideration. The application and the defendant's letter of advice of the same date to the Russo-Asiatic Bank show an agreement to transmit and to deposit. It cannot be said that the profit to the bank was in the handling of foreign exchange and not in the forwarding. It was all a part of the same transaction. There was a consideration for defendant's agreement to deposit rubles for the plaintiff in the Imperial Savings Bank at Moscow.

Our examination of the record discloses no error other than in receiving evidence of the oral agreement to deliver the savings book within two months or return the plaintiff's money.

Because of this error, the judgment is reversed and a new trial granted, with costs to the defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.