## NANKAS v. NAT. BK. OF COMMERCE.

Ohio Appeal, 6th Dist., Lucas Co.
No. 2022. Decided Apr. 9, 1928.
**First Publication of This Opinion.**
Syllabus by Editorial Staff.

297. CONTRACTS—1002a. Receipts—884. Parol Evidence.

Where receipt given by bank at time of payment of money, embodies new obligation and purports to set out purpose for which money is received and manner in which it is to be used, and, party not signing takes it into his possession, control and custody and assents to its terms, it is more than receipt, and constitutes contract between parties, although signed by bank only. Such contract cannot be enlarged, contradicted or explained by parol evidence.

Error to Common Pleas.
Judgment affirmed.

Fritsche, Kruse & Winchester, Toledo, for Nankas.

Marshall, Melhorn, Marlar & Martin, Toledo, for Nat. Bk.

**FULL TEXT.**

WILLIAMS, J.

This proceeding in error is brought to reverse a judgment of the Common Pleas Court of this county upon the ground that the court erred in directing a verdict in behalf of the defendant, National Bank of Commerce, and in excluding evidence.

The plaintiff in error, Hyman Nankas, a native of Russia, who had been residing in the United States for about two years, purchased from the defendant in error 1,000 Russian rubles for $195.00 on September 4, 1917, and received a writing in the form of a receipt of which the following is a copy:

"No. 7385          Date Sept. 5, 1917.
Received from H. Nankas, at.........
One Hundred ninety-five 00/ Dollars for 1000 Roubles, Foreign Currency, to be remitted to Zcerochatelnaya Kassa in Kiev, Russia. Send book here.

NATIONAL BANK OF COMMERCE.
$195.00    Foreign Exchange Department,
                    By I. Jules."

The plaintiff below offered evidence of a conversation between himself and one Jules, manager of the Foreign Department of the Bank, to the effect that it was agreed that plaintiff was to pay $195.00 for 1,000 rubles and that the money was to be sent to Kiev, Russia, and that the bank would have the bank book back not later than six months from that time, and that if plaintiff did not get the book he would get his money back. The trial court excluded the evidence tending to show the oral agreement and directed a verdict in favor of the defendant, on which judgment was entered.

The writing given at the time of the payment of the money was more than a receipt, because it embodied a new obligation and purported to set out the purpose for which the money therein referred to was received and the manner in which it was to be used, and constituted a contract between the parties, though signed by the bank only, as the plaintiff below took it into his possession, control and custody and assented to its terms. This written contract can not be enlarged, contradicted or explained by parol evidence.

Klonowski v. Monczewski, 109 OS. 230.

By the contract in writing the bank agreed to remit the money to the place named in Kiev, Russia, with the direction that the bank book should be sent to the place of remittance. No claim is made by the plaintiff in error that the case comes within National Bank of Commerce v. Evanoff, 15 OS. 51, or that the defendant is liable for the value of the foreign currency purchased.

The oral evidence offered would clearly enlarge the terms of the contract embraced within the writing, and it was therefore inadmissible.

Romanuick v. Highland Park State Bank, 235 Mich., 648; 209 N. W., 819.

Vasu v. People's State Bank, 234 Mich., 611; 208 N. W., 690.

Karnov v. Goldman, 229 Mich., 551; 201 N. W., 447.

Klonowski v. Monczewski, supra.

The record shows that no evidence was adduced tending to show a breach of the contract contained in the writing. The court below, therefore, did not err in directing a verdict under the principle announced in the second syllabus of Klonowski v. Monczowski, supra.

There is no error apparent upon the face of the record and the judgment will be affirmed.

(Richards and Lloyd, JJ., concur.)