CENTRAL COMMUNITY CHAUTAUQUA SYSTEM *v.* RENT-SCHLER ET AL.

(Decided April 5, 1929.)

*Mr. James P. Ragan,* for plaintiff in error.
*Mr. Fred Gribbell,* for defendants in error.

JUSTICE, J.  The parties stand in this court, as to each other, as they stood in the trial court, and throughout the course of this opinion will be alluded to as plaintiff and defendants.

On November 12, 1920, at Deshler, Ohio, the plaintiff and the defendants signed a contract, by the terms of which plaintiff agreed to establish and conduct at Deshler, Ohio, during the season of 1921, a community Chautauqua. In consideration thereof defendants agreed, among other things, to furnish

satisfactory grounds; to sell at least 450 adult tickets at $2 a ticket; and to pay plaintiff, upon demand at any time after the opening day of the Chautauqua, the proceeds derived from such sale. This contract contained, among others, the following provisions:

"This agreement is not binding until signed by at least twenty persons who are and shall be the directors of the local Chautauqua Association."

"All agreements by both parties are contained in the above contract and cannot be changed, modified or cancelled except by mutual written consent."

On February 22, 1921, defendants notified plaintiff, in writing, that they would not keep and perform the terms of said contract on their part to be kept and performed, for the reason that some of the signatures to the contract had been obtained by misrepresentations. Thereafter plaintiff advised defendants in writing, that it would not consent to a cancellation of the contract. Thereafter defendants refused to perform their part of the contract. Plaintiff, however, during the month of July, 1921, at a financial loss to itself, kept and performed, as best it could under the existing circumstances, its part of said contract. Thereafter plaintiff demanded of defendants the payment of $900 guaranteed by the contract. Two of the defendants, one the Luchini Bros., paid their *pro rata* share, to wit, $45. All the other defendants refused to pay.

Thereafter plaintiff instituted suit in the court of common pleas of Henry county against the defendants to recover $810, with interest, for breach of the written contract of guaranty. The defense, in its last analysis, was a general denial. The Luchini

Bros., one of the defendants, as a cross-petitioner, set up a counterclaim against the plaintiff for money had and received, the amount claimed being $45, with interest.

Upon trial by a jury, two forms of verdict were returned: One for the defendants, and the other in favor of Luchini Bros., for $45, on their cross-petition. A motion for judgment for plaintiff notwithstanding the verdicts was overruled. A motion for a new trial was overruled, and judgments were entered on the verdicts. Plaintiff brings error here to reverse those judgments.

Several errors are assigned. One of them alludes to the overruling of plaintiff's motion for judgment notwithstanding the verdicts.

Section 11601, General Code, provides:

"When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party."

This section is mandatory, but it authorizes a judgment *non obstante veredicto* only when the pleadings require it. *Challen* v. *City of Cincinnati,* 40 Ohio St., 113; *McCoy et al., Trustees,* v. *Jones,* 61 Ohio St., 119, 55 N. E., 219. No such requirement appears in the instant case. To the contrary, however, the pleadings clearly disclose an issuable fact, which the trial court was required to submit to the jury under proper instructions. The motion, therefore, was properly overruled.

Another claimed error pertains to the admission of testimony. Three of the defendants, namely, E. A. Shirey, T. B. King, and O. C. Robinson, over the

exceptions of the plaintiff, testified that they signed the contract of guaranty with the understanding and oral agreement with the plaintiff that their signatures would be removed therefrom, and that they would not be held liable thereon, unless plaintiff obtained the signature of E. R. Little to said contract, and withdrew the name of Frank Hill therefrom, and, after obtaining twenty or more signatures thereto, submitted said contract to them for their approval. They further testified, over the exceptions of the plaintiff, that E. R. Little did not sign said contract; that the name of Frank Hill was not withdrawn from it; that said contract was not submitted to them for their approval; that they relied upon said representations of plaintiff, believed them to be true, acted upon them, and were misled thereby; and, further, that they would not have signed said contract had it not been for said representations.

Counsel for plaintiff insists that the trial court, in admitting in evidence the foregoing testimony, violated the so-called "Parol Evidence Rule." With this contention we do not agree. Parol contemporaneous evidence, of course, is inadmissible to contradict, vary, add to, or subtract from, the terms of a valid written instrument. 1 Greenleaf on Evidence (16th Ed.), Section 275. But the testimony under consideration, as we see it, did not tend to contradict, vary, add to, or subtract from, the terms of the contract of guaranty. It simply tended to show the inducing and moving cause of said written contract, and, in addition thereto, that said contract in law never existed. We quote from 3 Jones Commentaries on Evidence, 2d Edition:

Section 1492: "Agreements or representations, though resting in parol and made prior to the written contract, but by which the party was induced to execute the writing, may be shown. In other words, where a parol contemporaneous agreement was the inducing and moving cause of the written contract, or where the parol agreement forms part of the consideration for a written contract, and it appears that the written contract was executed on the faith of the parol contract or representations, such evidence is admissible. * * * To deny the admission of evidence in such a case, if relevant to the issues made by the pleadings, plainly would be to allow one of the parties to induce another to enter into the engagement under false representations, and to aid him to enforce it against his adversary notwithstanding the fraud practiced upon him."

Section 1514: "It is well settled that extrinsic evidence may be received of a collateral agreement to show that the contract never had legal existence; that it was not, in fact, delivered as a present contract and was only to become an absolute obligation on a named contingency."

Clearly the foregoing testimony was relevant to the issues as made by the pleadings. It, therefore, was not only competent, but obviously of much moment to the defendants. Its reception by the trial court was proper.

Another claimed error refers to the charge. The trial court instructed the jury, in part, as follows:

"If you find from a preponderance of the evidence that the defendants signed said contract unconditionally and without any agreement with plaintiff or its agents that the same should be returned

to the defendants for their inspection and decision as to whether they would or would not permit their names to remain on such contract and become liable thereon, then and in that event your verdict should be for plaintiff for the sum of eight hundred and ten dollars, with interest from the 16th day of July, 1921.''

Did the trial court, in so charging, place upon the plaintiff an unwarranted burden? We do not think so?

The pleadings reveal that plaintiff predicated a recovery in this cause upon an alleged present and absolute contract, while the defendants bottomed their defense upon an alleged conditional signing of said contract.

In *Leisy & Co.* v. *Zuellig,* 7 C. C., 423, 6 C. D., 175, the Circuit Court of the sixth district held:

''In an action brought on a contract which was claimed to be absolute, but denied by the answer; the evidence introduced by the defendants tending to show a conditional contract; *Held,* That the burden of proof did not shift, and that the court erred in charging the jury, that the burden of proof was upon the defendants to prove that the contract was a conditional one.''

In the instant case the trial court correctly put the burden upon the plaintiff of proving the material allegations of its petition. The defense, being based upon a different agreement than that upon which plaintiff sued, was nothing more or less than a general denial. *Simmons* v. *Green,* 35 Ohio St., 104.

We have carefully examined the charge, and are of the opinion that, when construed as a whole, it is free from prejudicial error. *Ohio & Indiana Tor-*

*pedo Co.* v. *Fishburn,* 61 Ohio St., 608, 56 N. E., 457, 76 Am. St. Rep., 437.

Another claimed error has to do with the refusal of the trial court to give certain written requests before argument. These requests, in our opinion, were properly refused. They were not applicable to the facts in issue, and did not correctly state the law.

The last assignment of error relates to the sufficiency of the evidence. Concededly, there were but twenty-one signatures to the contract of guaranty, and, according to its terms, the "agreement is not binding until signed by at least twenty persons."

Upon the question whether the contract was absolute or conditional as to E. A. Shirey, T. B. King, and O. C. Robinson, a sharp conflict existed in the oral testimony, and different minds in weighing it might have come to different conclusions. Questions of fact, however, are for the trier of the facts —in the case at bar, the jury. *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683.

In the instant case the jury has spoken, and, in the absence of evidence showing misapprehension, mistake, bias, or a willful disregard of duty on its part, its voice, as evidenced by the verdicts, must be, so far as this claimed error is concerned, accepted by us as final. *Dean* v. *King, Pennock & King,* 22 Ohio St., 118, 134.

Entertaining these views, it follows that the judgment of the trial court should be affirmed.

*Judgment affirmed.*

HUGHES and CROW, JJ., concur.