Matthias, J.
The primary issue is the construction of the contract entered into between the plaintiff and the defendants under which the construction of the dwelling with garage was undertaken by the plaintiff. The record shows that on September 22, 1948, after some negotiations between the parties and consideration of offers by other builders, the plaintiff wrote the following letter to defendant Harvey B. Durkee:
‘ ‘ This letter is to confirm verbal agreement entered into September 22, 1948, between Harvey B. Durkee— owner, and Charles A. Burton, Inc., contractor, outlining the terms and general conditions under which a new house is to be built on owner’s sublot No. 28 Club Side road, Lyndhurst Park Estates, Lyndhurst, Ohio, according to plans drawn by Richard D. Mumper & Associates, Designers.
“The contractor is to have full charge of the work with the exception of' heating, wiring and kitchen equipment which will be let directly by the owner. The balance of the work is to be done on a cost-plus-a-fixed-fee bases [basis]. The fee agreed upon $2,700. The job costs are to include all materials, labor, permits, taxes, and insurance, and all other costs and expenses incurred directly with the work including Charles A. Burton’s time actually spent on matters pretaining [pertaining] to this job, either in the office or the field, at .the rate of $2.625 per hour.
“The contractor agrees to place Henry J. Lippert in charge of this job and not to take him off for any of the contractor’s other construction work except in an emergency.
“The contractor agrees to start the job promptly *323 and to complete the work as rapidly as conditions permit.
‘‘ The contractor will render monthly detailed statements of expenditures. The owner agrees to pay the contractor once a month for said expenditures.
“(Signed) Harvey B. Durkee, owner
Harvey B. Durkee, owner
Charles A. Burton, Inc., contractor
by Charles A. Burton, president.” .
The letter was signed by both parties thereto and the original returned to the plaintiff accompanied by the following letter:
‘ ‘ Charles A. Burton, Inc. September 23, 1948
“1836 Euclid avenue
“Cleveland, Ohio
“Dear Mr. Burton:
“Enclosed please find signed agreement as outlined per our verbal conversation and one important item we should keep in mind. The total cost which we aim to build this house for is approximately $27,000.
“The permit has been taken out as of this date. Mr. Mumper (architect) will contact you regarding some of the changes we made.
“I am enclosing a quotation from the Quiggin Co. which came to me when they estimated the heating.
“Very truly yours,
“(Signed) H. B. Durkee
H. B. Durkee”
It is contended by the defendants that the two written communications created a contract whereby the plaintiff agreed to construct the building, excluding heating, wiring and kitchen equipment, for the sum of $27,000 plus a fixed fee of $2,700.
*324 Was the Court of Appeals in error when it found that these letters created a cost plus a fixed fee contract ?
Much evidence was offered by the defendants and received by the court to show that the preliminary negotiations between the parties had resulted in a contract by plaintiff to construct the building for the fixed price of $27,000 plus a specified fee. It seems undisputed, however, that the preliminary negotiations were merged in the final written contract. It is to be noted that the changes in and additions to the building agreed upon after the signing of this contract are by both parties conceded to be supplemental additions thereto, and it follows that payment was to be made in accordance therewith.
The effect of the parol evidence rule, where it is claimed that a contract is partly oral and partly written, is well stated in 3 Williston on Contracts (Rev. Ed.), 1813, Section 631, as follows:
“That rule [the parol evidence rule], in spite of its name, is not only not a rule of evidence, as has been abundantly shown by Thayer and Wigmore, but is not a rule of interpretation or of construction. It is a rule of substantive law which, when applicable, defines the limits of a contract. It fixes the subject matter for interpretation, though not itself a rule of interpretation. * * *
“Most commonly the rule is invoked when suit is brought upon the written contract in order to preclude an attack upon the terms of the writing as the complete statement of the contract * * *."
It is contended by the defendants (1) that the writings alone made a contract for an approximate price of $27,000 for the construction of the building; (2) that the parol evidence confirmed a contract for an approximate price of $27,000 rather than a cost-plus basis; (3) that even if the,contract in question was a *325 cost plus contract the evidence submitted limited the plaintiff to a recovery of $35,000; and (4) that by reason of the great discrepancy between the estimate allegedly furnished by the plaintiff and the amount claimed by it as its costs the burden was on the plaintiff to show that its costs were reasonable.
The Court of Appeals found that by the writings alone a contract was created whereby the building was to be constructed on a “cost plus fixed fee” basis. The text of this finding is fully set forth above. The parol evidence offered showed the sum of $27,000 was only an estimate of the costs of the construction of the building. Indeed it was admitted by Harvey Durkee, on the witness stand, that it was an “estimate” of the cost.
Defendants place some reliance upon the decision of this court in the ease of Ohio Crane Co. v. Hicks, 110 Ohio St., 168, 143 N. E., 388, and assert that in that case the reference in the pleadings to oral agreements excluded the theory of merger thereof with a written agreement. In that case, however, there was a clearly ambiguous and incomplete writing requiring interpretation thereof by the court. In accordance with well established rules, applicable to such construction, parol evidence was admissible for the purpose of clarifying an ambiguity in the language used.
The defendants contend that under the evidence the plaintiff’s recovery was limited to $35,000, and, therefore, the burden of proof was cast upon the plaintiff to show that its costs were reasonable, and they cite as supporting authority Knott v. Moore-Lamb Construction Co., 111 Ohio St., 94, 144 N. E., 697. It is urged that this court in that case announced the principle that under a cost plus fee contract the builder can only recover the proved reasonable cost of his labor and material. If that theory is applicable then into every cost plus contract will be read a rule of law that the *326 builder is entitled to recover Ms cost plus Ms fee only if he proves that it is reasonable. The Knott case does not announce that principle.
In that case there was no written contract and there arose a disagreement between the parties as to the terms of the oral contract. Evidence of the estimated value of the building contracted for was held competent solely for the purpose of tending to show what the agreed price was. Likewise, evidence of the reasonable cost of labor and materials was held competent as tending to show what the actual cost was.
The decision in the case of Klonowski v. Monczewski, 109 Ohio St., 230, 142 N. E., 368, cited by counsel for defendants, involved an action on a contract conceded by both parties to have been oral and involved no issue such as is presented in the instant case.
Cases are cited from other states, none of which contradict the well established rule recognized and applied in this jurisdiction.
The language of the written contract, which was signed by the parties hereto, is clear and unambiguous, and the Court of Appeals properly held that the agreement between the parties was that payment by the defendants to the plaintiff for the erection of the dwelling, according to original plan, was to be the cost of all materials, labor, permits, taxes and insurance and all other costs and expenses incurred directly in the work plus a fixed fee of $2,700.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft and Hart, JJ., concur.