WASHINGTON C. H. CONSTRUCTION CO., APPELLANT, *v.* WALLACE, APPELLEE.

(No. 392—Decided October 17, 1967.)

*Mr. Thomas W. Sprinkle,* for appellant.
*Messrs. Lovell & Woodmansee,* for appellee.

KERNS, J. This cause originated in the Washington C. H. Municipal Court. On January 31, 1967, the plaintiff, appellant herein, Washington C. H. Construction Company, commenced an action against the defendant, appellee herein, Dorothy Wallace, praying for judgment in the amount of $710.06 for labor and materials furnished for the remodeling of the defendant's property. An itemized statement was attached to and made a part of the petition by reference. The petition alleged further that there were no setoffs, counterclaims or credits against the amount claimed in the itemized statement.

On February 17, 1967, the defendant filed an answer wherein she generally denied that she was indebted to the Washington C. H. Construction Company and further alleged that she had entered into a contract with one Charles D. McKinney for the remodeling of her bathroom at a contract price of $325. The defendant alleged further that the total cost of the improvement was the contract price of $325 plus certain extras done at a cost of $195.64.

The cause came on for hearing before the Municipal Court on March 20, 1967, at which time the defendant moved for judgment on the pleadings for the reason that no reply was filed to the defendant's answer.

The trial court sustained the motion, and the present appeal stems from the order granting judgment on the pleadings.

An answer which is wholly argumentative and merely evades the issue presented by the petition is not ordinarily treated as new matter which necessitates the filing of a reply. See 43 Ohio Jurisprudence 2d 134, Section 119. See, also, 43 Ohio Jurisprudence 2d 177, Section 164.

In principle, at least, this case is subject to the pronouncement of the Supreme Court in *Simmons* v. *Green,* 35 Ohio St. 104, which provides as follows:

"1. In an action to recover damages for the breach of a contract, averments in the answer setting up a different contract are immaterial, except as they operate to deny the making of the one sued on. Such averments do not constitute new matter, and require no reply."

In the present case, the allegations of the answer, referring as they do to a contract with a third party and being unrelated to the issue set forth in the petition, constitute nothing more or less than a general denial. See *Central Community Chautauqua System* v. *Rentschler,* 31 Ohio App. 525; *Miller* v. *McDowell,* 5 Ohio Law Abs. 479.

In the case of *Casper* v. *Everhart,* 10 Ohio St. 2d 43, which originated in the Common Pleas Court of Fayette County, the Supreme Court made an observation, at page 46, which might appropriately be applied to the facts of the present case:

"* * * the cases awarding judgment to a defendant for the inadvertence of an attorney to file a reply are, generally, old precedents occurring at a time when a lawsuit ofttimes developed into a test of an attorney's astuteness rather than a determination of the merit of a client's contention. To decide a lawsuit on the failure of an attorney to file a reply rather than on the merits of a claim would seem an anachronism in our present-day system of jurisprudence. Further, the majority of the trial courts of this state avoid this pitfall entirely by either suggesting or perhaps, in some cases, ordering that a reply be filed."

It is quite apparent, we believe, that the defendant's answer in the present case is not a complete defense.

Furthermore, "the court, in passing upon a motion for judgment on the pleadings, is required to construe the pleadings liberally in favor of the party against whom the motion is made, and give weight to every reasonable inference in favor of the sufficiency of his pleadings." 43 Ohio Jurisprudence 2d 277, 278, Section 263.

The judgment will be reversed and the cause remanded to the trial court for further proceedings according to law.

*Judgment reversed*

CRAWFORD, P. J., and SHERER, J., concur.