PEOPLE *v.* McCOURTNEY.

1. ARREST—DRUNK IN OFFICER'S PRESENCE JUSTIFIES ARREST WITH-
OUT WARRANT.
Testimony by a police officer that defendant was "drunk,
intoxicated," in his presence in a restaurant justified his
arrest without a warrant.

2. INTOXICATING LIQUORS — ILLEGAL POSSESSION — SEARCHES AND
SEIZURES—POURING OUT FLUID.
In a prosecution for illegal possession of intoxicating liquor,
where defendant, while being taken to the police station
in a patrol wagon on a drunk and disorderly charge,
attempted to pour out the contents of a bottle upon the
floor, and the officers seized the bottle and sopped up
some of its contents, which they testified was moonshine
whisky, and there was no search of defendant's person,
his motion for his discharge on the ground that the
evidence was illegally procured was properly denied.

3. SAME—POURING OUT FLUID—PRIMA FACIE EVIDENCE—INSTRUC-
TION.
The trial court properly instructed the jury that the act
of the defendant in pouring the fluid out of the bottle
was *prima facie* evidence that it was intoxicating liquor
and unlawfully possessed under section 28, Act No. 53,
Pub. Acts 1919.

Error to Ingham; Collingwood (Charles B.), J.
Submitted October 25, 1922. (Docket No. 176.) De-
cided December 5, 1922.

Roy McCourtney was convicted of violating the
liquor law, and sentenced to imprisonment for not less
than 6 months nor more than 1 year in the Michigan
State reformatory at Ionia. Affirmed.

As to liability of an officer for making an arrest without
warrant for a breach of the peace "on view," see note in 51
L. R. A. 205.
On constitutional guaranties against unreasonable searches and
seizures as applied to search for or seizure of intoxicating liquor,
see notes in 3 A. L. R. 1514; 130 A. L. R. 1316.

*Maurice E. Fitz-Gerald* and *Hollis Harshman,* for appellant.

*Merlin Wiley,* Attorney General, and *J. A. Boice,* Prosecuting Attorney, for the people.

SHARPE, J.    Defendant was arrested without a warrant on February 24, 1922, in a restaurant in the city of Lansing by Police Officer Fenby on the charge of being drunk and disorderly.    While being taken to the police station in a patrol wagon, Captain of Police Potter, who was also riding therein, saw defendant pouring a fluid from a bottle in his possession on the floor of the wagon.    From the smell he believed it to be moonshine whisky.    He "leaned over and grabbed the bottle."    He sopped up some of the fluid from the floor and testified positively, both from taste and smell, that the liquid was moonshine whisky. Complaint charging unlawful possession was made, and warrant issued.    An examination was had and defendant bound over to the circuit court for trial.    On arraignment on May 16th, he pleaded guilty and was remanded for sentence.    On May 20th, he asked leave to withdraw his plea.    Permission was granted and on further arraignment he stood mute and a plea of not guilty was entered by order of the court.    He here reviews his conviction and sentence by writ of error.

When the jury were impaneled, his counsel moved for his discharge, for the reason—

"that the testimony on the examination shows that the arrest was made without a warrant and the only evidence of defendant's condition at the time was that the officer said he was drunk,    *    *    *    that the search of defendant's person and the seizure of his property, as alleged, was all based upon an illegal arrest and evidence illegally procured, directly or indirectly, by an illegal arrest."

The captain of police had testified positively that defendant was "drunk, intoxicated" in his presence. The arrest was therefore justified.    No search of his person was made, nor was the bottle taken possession of until the nature of its contents was revealed to the officer.    The court very properly overruled the motion.

The trial proceeded.    Both officers testified positively that the fluid poured out of the bottle was moonshine whisky.    No other witnesses were sworn.    Defendant's objection to the introduction of the bottle in evidence and the assignment of error based on the instruction of the court that the act of the defendant in pouring the fluid out of the bottle was *prima facie* evidence that it was intoxicating liquor and unlawfully possessed under section 28, Act No. 53, Pub. Acts 1919, are without merit.    *People* v. *Miller*, 217 Mich. 635.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.