## PEOPLE v. FITZGERALD.

1. CRIMINAL LAW—INTOXICATING LIQUORS—SEARCHES AND SEIZURES —EVIDENCE—ADMISSIBILITY.

In a prosecution for violation of the prohibition law, the trial court properly admitted evidence taken by virtue of a search warrant over defendant's objection that the warrant was invalid because the affidavit on which it was based was made before the clerk in the absence of the magistrate, where defendant offered no competent evidence in support of his claim, and the affidavit on its face purports to have been taken, signed, and sworn to before the magistrate who issued the search warrant.

2. SAME — CONTINUANCE — ABSENCE OF WITNESS—DISCRETION OF COURT.

Refusal to grant a continuance because of defendant's in-

On right to grant motion for continuance to procure witness who is beyond jurisdiction, see note in L. R. A. 1918E, 527.

ability to secure the attendance of a material witness was within the discretion of the trial court, and, in the absence of anything to indicate an abuse of discretion, will not be interfered with.

3. SAME—INTOXICATING LIQUORS—INSTRUCTION AS TO EFFECT OF INTENTIONAL BREAKING OF BOTTLE CONTAINING LIQUOR.

Testimony on behalf of the people that as the officers entered the room where defendant was, he took a half pint bottle of moonshine from a shelf and broke it into the sink, and testimony by defendant that the breaking was accidental and that the bottle contained denatured alcohol, *held*, to justify an instruction as to the effect of a deliberate and intentional breaking of, the bottle for the purpose of preventing its contents from getting into the hands of the officers under the provisions of section 28, Act No. 53, Pub. Acts 1919, making an intentional breaking *prima facie* evidence that it contained intoxicating liquor.

Exceptions before judgment from Ingham; Carr (Leland W.), J.    Submitted January 18, 1924. (Docket No. 142.)    Decided March 5, 1924.

Harry Fitzgerald was convicted of violating the liquor law.    Affirmed.

*Thomas A. Lawler* and *John F. Berry,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Barnard Pierce,* Prosecuting Attorney, and *Joseph W. Planck,* Assistant Prosecuting Attorney, for the people.

MCDONALD, J.    The defendant was convicted in the Ingham circuit court under an information charging him with having unlawfully in his possession a quantity of intoxicating liquor, commonly known as moonshine.    Harry Fitzgerald and his brother, under the name of "Stag Lunch," operate the business of selling lunches, cigars, tobacco and soft drinks, in the city of Lansing.    On the 4th of April, 1923, a number

of officers armed with a search warrant went to the "Stag Lunch" to search for liquor. The testimony of the people tends to show that as the officers reached the kitchen the defendant took from a shelf a half pint bottle of moonshine and broke it into the sink. This is the liquor that the defendant is charged with having had unlawfully in his possession. The defendant claims that the bottle contained denatured alcohol, that the breaking was accidental, and that he had no intoxicating liquor in his possession.

In a motion to quash the information he attacked the validity of the search warrant, principally on the ground that the affidavit on which it was based was not made before the magistrate. This motion having been denied he asked for a continuance because of his inability to secure the attendance of a material witness. This request was refused. After verdict there were motions in arrest of judgment and for a new trial. Both motions were denied. The case was then brought to this court on exceptions before sentence.

It is first argued by the defendant that the search warrant was invalid because the affidavit on which it was based was not made before the magistrate, and that, therefore, the evidence procured under it should not have been received against him. The affidavit on its face purports to have been taken, signed and sworn to before the magistrate who issued the search warrant. The defendant offered no competent evidence in support of his claim that it was in fact taken before the clerk in the absence of the magistrate. In view of these facts the circuit judge rightfully held that the search warrant was valid and that the evidence taken by virtue of it was admissible.

It is next urged that the court erred in refusing to grant a continuance because of the defendant's inability to secure the attendance of a material witness. The motion for a continuance was addressed to the dis-

cretion of the court.    He determined the sufficiency of the showing.    We discover nothing to indicate an abuse of discretion.

Complaint is also made of the court's instructions to the jury as to the effect of a deliberate and intentional breaking of the bottle for the purpose of preventing its contents from getting into the hands of the officers.    We find no error in the charge in this respect.    It followed in substance and effect the construction of the statute as announced in *People* v. *Miller,* 217 Mich. 635, and *People* v. *McCourtney,* 220 Mich. 550.

No other questions are discussed in defendant's brief.

The conviction is affirmed.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.