PEOPLE *v.* SIMON.

1. CRIMINAL LAW—TESTIMONY ADMITTED WITHOUT OBJECTION.
   Error may not be predicated upon the admission of testimony as to statements made by third persons in the presence of defendants and not denied by them, where it was received without objection.

2. INTOXICATING LIQUORS—EVIDENCE—SUFFICIENCY.
   In a prosecution for violation of the prohibition law, testimony *held*, to present a case for the jury.

3. SAME—POURING OUT FLUID—APPLICABILITY OF STATUTE — IN-
STRUCTIONS.

Where one of the defendants, charged with illegal posses-
sion of intoxicating liquor, poured out the fluid contents
of a jug, which the officers claim contained moonshine
whisky, after they arrived on the premises, the trial judge
properly instructed the jury that, under Act No. 53, Pub.
Acts 1919, said fluid was "to be held *prima facie* intoxicat-
ing liquor and unlawfully possessed," and the objection
that the statute is not applicable because the defendant
was not the owner or tenant of the premises and was not
in physical possession of the liquor for the purpose of pre-
venting its seizure is without merit.

4. CRIMINAL LAW—INSTRUCTIONS—DEFENDANT'S ESCAPE.

An instruction that the jury could consider the fact, if
it was a fact, that defendant escaped from the officers, and
his explanation of same, *held*, as liberal to defendant as
he was entitled to under the evidence.

5. SAME—NEW TRIAL—DISCRETION OF COURT.

The granting of a motion for a new trial rests in the
sound discretion of the trial judge, and unless that dis-
cretion has been abused, the Supreme Court does not and
ought not to interfere.

6. SAME—DENYING NEW TRIAL NOT ABUSE OF DISCRETION.

In a prosecution for violation of the prohibition law,
there was no abuse of discretion in denying a motion for
a new trial based mainly on an affidavit made by a person
who was absent from the county until after the trial was
over, and who therein assumed full responsibility for the
still and its use, and unequivocally exonerated defendants,
where affiant's statement to the trial judge, who inter-
viewed him alone, in at least one regard was divergent
from the affidavit.

Error to Muskegon; Vanderwerp (John), J.    Sub-
mitted June 14, 1928.    (Docket No. 134, Calendar
No. 33,802.)    Decided July 24, 1928.

Louis Simon and Joseph Simon were convicted of
violating the liquor law, and sentenced to imprison-

ment for not less than seven months nor more than one year in the Michigan reformatory at Ionia.    Affirmed.

*George S. Lovelace,* for appellants.

*Wilber M. Brucker,* Attorney General, *Harold H. Smedley,* Prosecuting Attorney, and *Joseph T. Riley,* Assistant Prosecuting Attorney, for the people.

FELLOWS, J.    Defendant Joseph Simon with his wife owns a farm in Ravenna township, Muskegon county; it was leased to one Buck Waller.    Waller had some brothers of more or less respectability.    In the fall of 1927 officers of the county had occasion to look up one of the Wallers and went to the Simon farm. They rapped at the door, but, receiving no response, entered.    Upon looking over the dwelling they discovered a still, a barrel of mash, and about a half gallon of moonshine whisky. ·  They put the whisky in a glass jug they found there.    One of the Wallers appeared shortly thereafter, as did also the two defendants. The officers testify that Louis took the jug out to the pump when they were unable to prevent it, poured out its contents, and filled it with water.    While it was disputed on the trial, there was testimony tending to show that defendants employed two of the Wallers to make moonshine whisky for·them and paid them for it.    There was also testimony in the case, received without objection, tending to show that defendants brought the still there one night, and that under the arrangement the Wallers were to furnish their own corn and sugar.

It is urged that there was error in receiving testimony of what was said in the presence of defendants by third persons and which statements of facts were not denied by them.    But this testimony came into the case without objection; the trial court was not

asked to rule on its admissibility. Error may not, under these circumstances, be predicated upon its admission. We are satisfied a case was made for the jury and the trial judge quite properly submitted the case to the jury.

Error is assigned on the refusal of the court to charge as requested by defendants as to the effect to be given to the pouring out of the liquor and to the charge as given on the subject, which was contrary to the substance of the request. The charge on the subject was as follows:

"We have a statute that provides that if fluids are poured out or otherwise destroyed by the owner or occupant or by any tenant, assistant or other person, or by any person in whose custody such fluids may be, for the purpose of preventing their seizure by officers authorized to make such search and seizure, such fluids shall be held to be *prima facie* intoxicating liquor and unlawfully possessed, so that if you find, beyond a reasonable doubt, that this glass bottle was in the house in the possession of Bradford as an officer and contained liquid of any kind, and that Louis Simon dumped it out as claimed by the people, then under this statute such fluids are to be held *prima facie* intoxicating liquor and unlawfully possessed by Louis Simon, and in that event, if you so find, then your verdict will be guilty as to Louis Simon."

The statute referred to is Act No. 53, Pub. Acts 1919, § 28 (Comp. Laws Supp. 1922, § 7079 [28]), and reads as follows:

"If fluids are poured out, secreted or otherwise destroyed by the owner of the premises, or occupant, or by any tenant, assistant or other person, when the premises are searched or to be searched, or by any person in whose custody such fluids may be manifestly for the purpose of preventing their seizure by officers authorized to make such search and seizure, such fluids shall be held to be *prima facie* intoxicating liquor and unlawfully possessed."

It is pointed out that Louis was not the owner or

tenant of the premises nor was he in physical custody of the liquor for the purpose of preventing its seizure, and it is urged that the statute is not applicable. The statute has been applied several times by this court. In *People* v. *McCourtney,* 220 Mich. 550, the liquor was poured out in the police patrol wagon by the defendant while on his way to the jail. It was held the statute was applicable. See, also, *People* v. *Fitzgerald,* 226 Mich. 402; *People* v. *Miller,* 217 Mich. 635. In the last cited case the constitutionality of the statute was assailed, but it was sustained. It was said by Mr. Justice BIRD, speaking for the court:

"We do not agree with counsel that the presumption created by section 28 is an arbitrary one. Keeping in mind the subject-matter of this legislation we think that when liquids are poured out upon the arrival of the officers of the law, to prevent seizure, a presumption naturally arises that the liquid is one forbidden by the law. The presumption which the act raises is consistent with and in accord with the law of self-preservation."

The charge was in consonance with our former holdings.

The trial judge charged that the jury could consider the fact, if it was a fact, that defendant Joe escaped from the officers, and his explanation of the same. We do not understand defendants' counsel to controvert the claim of the prosecution that escape may be considered by the jury, his claim being, as we understand it, that the facts do not justify submitting the question to the jury. Defendant Joe was a witness in his own behalf. He admits he did not go with the officers after he was put under arrest. He testified, and it is admitted by the officers, that he did come to the jail the following morning. He explains the reason for his absence, but one of the officers testified:

"Joe Simon asked permission to stay on the farm and look after his stock, and I told him, 'No.' He

later asked Mr. Bradford if he could drive his car down in the barn and Mr. Bradford gave him permission to do so, and that is the last we saw of Joe."

We think the trial court was fully as liberal in admitting defendants' testimony and in giving instructions on this subject as he was required to be. *People v. Cleveland*, 107 Mich. 367. The charge was an eminently fair one. Such instructions as defendants were entitled to have given were covered in the general charge.

There was a motion for a new trial, which was refused. Later there was a motion to recall sentence and for a new trial. This latter motion was based in the main on an affidavit by Buck Waller, who was absent from Muskegon county until after the trial was over. In his affidavit he assumed the entire responsibility for the still and its use and unequivocally exonerated defendants from any complicity in the transaction, and offered to abide the judgment of the court as to what should be done with him. He was taken to court and interviewed by the court alone. The trial judge states, in his opinion denying this motion, that in at least one regard such statement to him was divergent from the affidavit. The granting of a motion for a new trial rests in the sound discretion of the trial judge. Unless that discretion has been abused, we do not and ought not to interfere. *People v. Van Den Dreissche*, 233 Mich. 38; *Romanuick v. Highland Park State Bank*, 235 Mich. 217; *People v. Czarnecki*, 241 Mich. 696. We are not persuaded there has been an abuse of such discretion in the instant case.

There being no reversible error on this record, the judgment of conviction will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.