## PEOPLE *v.* GALINSKI.

1. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—SEPARATE REC-
ORD.
   A defendant in this State who objects to use of an alleged in-
   voluntary confession must have a fair hearing and a reliable
   determination on the issue of voluntariness, not influenced by
   the truth or falsity of the confession, and the hearing must be
   held in the absence of the jury and admissibility determined
   by the judge on a separate record.

2. SAME—CONFESSION—VOLUNTARINESS—ADMISSIBILITY.
   Confession in a criminal case found to be voluntary by judge
   on a separate record may be admitted and the jury's consid-
   eration is limited to its weight and credibility; if found to
   be involuntary, it must be suppressed.

3. SAME—OPERATION OF WALKER RULE—RETROSPECTIVE AS WELL AS
PROSPECTIVE.
   The so-called *Walker* rule requiring determination by trial judge,
   on a separate record in the absence of the jury, of the volun-
   tariness of an alleged confession is retrospective as well as
   prospective.

4. SAME—BREAKING AND ENTERING IN THE NIGHTTIME—COMMENTS ON
EVIDENCE.
   Defendant's contention that his conviction of breaking and enter-
   ing in the nighttime with intent to commit a larceny was not
   supported by the evidence and that the trial judge made im-
   proper comments on the evidence *held*, without merit (CL 1948,
   § 750.110).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 20 Am Jur, Evidence §§ 532–537.
[4] 13 Am Jur 2d, Burglary §§ 45, 67, 69.
   53 Am Jur, Trial § 587.
[5] 20 Am Jur, Evidence §§ 533, 534.

5. SAME—CONFESSION—REMAND—VOLUNTARINESS.

> Submission to jury by trial judge of question of the voluntariness of defendant's alleged confession in prosecution for breaking and entering in the nighttime with intent to commit a larceny *held*, to require remand for determination of voluntariness by the trial judge upon a separate record in accordance with the ruling of *People* v. *Walker* (on rehearing) 374 Mich 331 (CL 1948, § 750.110).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted Division 3 November 9, 1966, at Grand Rapids. (Docket No. 71.) Decided February 28, 1967.

Leonard B. Galinski was convicted of breaking and entering in the nighttime with intent to commit larceny. Defendant appeals. Remanded for further proceedings.

*Leonard B. Galinski, in propria persona.*

McGREGOR, P. J. This appeal comes to us by way of application for leave to appeal, granted by the Supreme Court of Michigan and assigned to the Court of Appeals.

The appellant was convicted of breaking and entering in the nighttime, with intent to commit larceny.* On January 13, 1960, the appellant was arrested on suspicion of auto theft by the Michigan State police of the Flint post. The appellant had been questioned by the officers when they observed him in an automobile, stopped on an interstate highway right-of-way. Neither the appellant nor a female passenger, whose husband owned the automobile, as it later turned out, could produce a driver's license or auto registration. The auto was

---

* CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).

searched by the officers and was found to contain a quantity of merchandise, automobile titles, and business records (these items were later identified as those stolen from a Flint auto dealership).

Later the same day, on January 13, 1960, the appellant was transferred to the Saginaw county jail. During the appellant's confinement in the Saginaw county jail, he made statements concerning the aforementioned breaking and entering, and these statements were presented as a confession. Appellant argued that during his incarceration, he was kept in solitary confinement and otherwise inhumanely treated. He claimed the confession was given upon a promise to end his inconvenience and was thus not voluntary. Mr. Perkins, the trial attorney for the appellant, objected to the introduction of the confession into evidence. The objection and ruling upon it are shown by the record.

*"Mr. Perkins.* I object to that, Your Honor.

*"The Court.* What is the nature of your objection?

*"Mr. Perkins.* Attempting to get a confession in here. There's no showing it was voluntarily made or that it was made."

After argument on the objection, with the jury excused, the court stated:

*"The Court.* * * * the Court at this time [is] ruling that it will be a matter for the jury, once the evidence is all in, to determine whether or not any confession or any statement made by the defendant was voluntary or not under the facts and circumstances of the case, and should the jury find that the statement or confession was not voluntarily made; then the Court will instruct them that they are to disregard any statement made whatsoever."

The question of the voluntariness of the confession was submitted to the jury by the trial judge under the following excerpt from the charge:

"As to statements claimed to have been made by the accused to others after the event, you have a right to take into consideration all of the facts and circumstances surrounding the making of these statements by him, to show as to how and under what conditions he came to make them, the interest or bias, if any, of the witnesses to whom they were made, and whether or not they were voluntarily made."

The appellant now appeals the conviction on several grounds, one of which is that the submission of the confession to the jury to determine its voluntariness is in conflict with the law of Michigan, as expressed in *People* v. *Walker* (on rehearing, 1965), 374 Mich 331. The appellant also argues that the statements were not in fact a confession of guilt, but merely an admission that he knew the stolen articles in question had been taken from the auto dealership. The appellant also claims that the verdict was not supported by the evidence. The appellant also claims that the trial judge made improper comments about some of the evidence admitted in the presence of the jury.

At the outset, it can be said that it is within the province of the jury to decide the weight and credibility of the evidence. Whether the statements made by the appellant concerning the breaking and entering were in fact a confession goes to the weight of the evidence, and thus is within the province of the jury. Whether there is enough evidence for a conviction is also generally within the province of the jury, and a verdict would not be overturned as a general rule, unless it is unsupported by the evidence. Appellant's claim that the trial judge made

improper comments upon the evidence is unsup-
·ported in the record, and we find no reversible error
on that point.

. We find merit only in the appellant's point con-
cerning the ruling on the voluntariness of his con-
·'fession. The case of *People* v. *Walker, supra,* was
Michigan's response to the constitutional mandate
of *Jackson* v. *Denno* (1964), 378 US 368 (84 S Ct
1774, 12 L ed 2d 908, 1 ALR3d 1205). What *People*
v. *Walker* held has been recently stated by this
·Court, in *People* v. *Jury* (1966), 3 Mich App 427,
434, 435:

· "The cases of *Jackson* v. *Denno, supra,* and *People*
v. *Walker, supra,* are authority for the rule that the
defendant may object to the use of an alleged in-
voluntary confession and must have a fair hearing
and a reliable determination on the issue of volun-
tariness, not influenced by the truth or falsity of
the confession. In Michigan the hearing must be
had in the absence of the jury and admissibility de-
termined by the judge on a separate record. If
found to be voluntary, it is admitted, and the jury's
consideration limited to its weight and credibility.
If found to be involuntary, it is suppressed."

In *People* v. *Walker, supra,* it was made clear that
the ruling would be retrospective, as it was stated
at page 337 that a rule would be adopted "both ret-
rospectively and prospectively."

The Michigan Supreme Court, in *Walker, supra,*
at pages 338 and 339, interpreted the holding of
*Jackson* v. *Denno, supra,* and set out the proper ap-
pellate procedures in such situations:

"If the trial judge, on the basis of the separate
hearing and record made, determines that the con-
fession was involuntarily given, defendant will
thereupon instanter be granted a new trial. Con-·
trariwise, if he determines the confession to have
been voluntarily given, and thus admissible in evi-

dence, defendant will have had a trial affording him constitutional due process. This we believe likewise accords with the intent of the opinion in *Jackson, supra,* 393–394:

" 'It is New York [Michigan], therefore, not the Federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession. It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. Jackson's position before the district court, and here, is that the issue of his confession should not have been decided by the convicting jury but should have been determined in a proceeding separate and apart from the body trying guilt or innocence. So far we agree and hold that he is now entitled to such a hearing in the State court. But if at the conclusion of such an evidentiary hearing in the State court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty."

This case is remanded to the trial court, which is directed to make a determination upon a separate record of the voluntariness of appellant's statements admitted in evidence at the trial, in conformity with the ruling of *People* v. *Walker, supra.* If the trial judge, on the basis of the hearing and record made before him, determines that any such statement was involuntarily made, he shall enter an order vacating the verdict of guilty and the sentence, and grant a new trial.

BURNS and NEWBLATT, JJ., concurred.