PEOPLE *v.* GLESSNER

1. RAPE—EVIDENCE—OFFENSES OF ACCOMPLICE—ADMISSIBILITY—OB-
JECTIONS.

   A complaint and warrant charging defendant's accomplice with
   contributing to the delinquency of a minor by permitting that
   minor to have sexual intercourse with the defendant was
   properly admitted at defendant's trial for statutory rape, where
   defense counsel did not object to their admission (MCLA
   § 750.520).

2. CRIMINAL LAW—TRIAL—STATEMENTS OF COUNSEL—ARGUMENTS OF
COUNSEL—OBJECTIONS.

   A prosecutor's prejudicial remarks during trial and in his final
   argument could not be objected to on appeal where no defense
   objection was made to those statements during trial.

3. APPEAL AND ERROR—PRESERVING QUESTION—CLEAR INJUSTICE.

   Trial errors which are raised for the first time on appeal must
   reflect a "clear injustice" which would merit an appellate re-
   view despite the absence of objection to those errors at trial.

Appeal from Kent, Claude Vander Ploeg, J. Sub-
mitted Division 3 June 4, 1969, at Grand Rapids.
(Docket No. 5,322.) Decided October 27, 1969.

John Glessner was convicted by a jury of statu-
tory rape. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur, Rape § 135.
   21 Am Jur 2d, Criminal Law § 115 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 624, 625.
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Robert J. Stephan* and *Jack A. Winter,* Assistant Prosecuting Attorneys, for the people.

*Victor H. Bergstrom,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant John Glessner was convicted by a jury on October 27, 1966 of statutory rape.* His appeal was submitted on briefs.

On appeal defendant poses as an issue that the confession of an accomplice should not have been received into evidence. The record shows that it was not admitted nor was any portion of it revealed to the jury, therefore that question is moot.

Defendant's main argument is directed to the admission into evidence of a complaint and warrant charging the accomplice with contributing to the delinquency of a minor by permitting the complainant to have sexual intercourse with the defendant. The record shows, however, that defendant's counsel stated at the time that he did not have any objection to the admission of the complaint and warrant. Consequently, the defendant cannot base a claim of error on this ground. *People* v. *Simon* (1928), 243 Mich 489; *People* v. *Dombrowski* (1968), 10 Mich App 445.

Further, defendant contends that certain remarks made by the prosecutor during the trial and in his final argument were prejudicial. The record shows that these remarks of the prosecutor were made without any objection by defense counsel, and there-

---

* MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

fore this alleged ground is also inoperative. *People*
v. *Hider* (1968), 12 Mich App 526. Having read the
record, we are of the opinion that the defendant's
allegations of error, as above mentioned, do not
reflect a "clear injustice" which merits review de-
spite the absence of contemporaneous objection. See
*People* v. *Ridley* (1967), 8 Mich App 549.

Affirmed.