## PEOPLE v. BUSSELL

1. WITNESSES — CROSS-EXAMINATION — CONFIDENTIAL COMMUNICATIONS — HUSBAND AND WIFE — EVIDENCE — HOMICIDE.

   A defendant in a criminal case may not be cross-examined as to confidential communications made by her to her husband relative to the charge against her of first-degree murder (MCLA §§ 600.2162, 750.316).

2. WITNESSES — CROSS-EXAMINATION — CONFIDENTIAL COMMUNICATIONS — HUSBAND AND WIFE — MISCARRIAGE OF JUSTICE.

   Cross-examination of defendant by prosecution at her trial regarding communications made by her to her husband during the marriage did not result in a miscarriage of justice where the negative answer of the witness cured any error and the trial court instructed the jury that questions by the prosecutor were not to be considered as evidence.

3. CRIMINAL LAW—MURDER—ADMISSIBILITY—STATEMENTS—WARNING OF RIGHTS.

   Admission in evidence of statements, made by the defendant at the time of the crime, admitting a murder, *held*, not reversible error when the record is clear that defendant made identical admissions before and after being given her warning of rights.

4. CRIMINAL LAW—OPENING STATEMENT.

   Opening statement of prosecuting attorney that he would offer testimony of a police officer which was subsequently excluded at trial was entirely reasonable where there had been no motion by defendant to suppress this testimony.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Husband and Wife §§ 270, 272.
[3] 21 Am Jur 2d, Criminal Law §§ 349–354, 360.
[4] 53 Am Jur, Trial § 73.
[5] 30 Am Jur 2d, Evidence §§ 1080–1088, 1090, 1124.

5. WITNESSES—CREDIBILITY—WEIGHT—CRIMINAL LAW.
   The credibility and weight to be given the testimony of a witness is within the province of the jury.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 October 13, 1970, at Detroit. (Docket No. 8518.)   Decided December 7, 1970. Leave to appeal denied May 7, 1971.   384 Mich 837.

Mary Alice Bussell was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, and *John J. Sullivan,* Chief Assistant Prosecuting Attorney, for the people.

*Krawetz & Teague,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and DANHOF and MAHINSKE,[*] JJ.

PER CURIAM.   Defendant, in a jury trial, was found guilty of first-degree murder.[1]   On June 15, 1968, there was an argument between the deceased and his wife. Defendant, the deceased's mother-in-law, was seen by witnesses on the porch of her home immediately after the shots were heard holding a gun in her hand.

Defendant raises four issues on appeal. During cross-examination the prosecutor asked defendant:

"Have you on various occasions shortly before June 15, of this year told your husband that because of the way Mose had been treating Bessie, that you felt like shooting him?"

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

Defense counsel immediately objected but the question was allowed. The answer was in the negative.

This question was improper under MCLA § 600-.2162 (Stat Ann 1962 Rev § 27A.2162), which states that neither husband nor wife shall be examined as to any communications made by one to the other during the marriage. Nor was it proper under the prosecutor's theory that it is allowable on cross-examination. *People* v. *Salisbury* (1922), 218 Mich 529.

Defendant relies heavily on *People* v. *Ignofo* (1946), 315 Mich 626, for authority that this was reversible error. However, *People* v. *David Smith* (1969), 16 Mich App 198, 201, states:

"This Court therefore holds that the rule in *Ignofo* is subject to the miscarriage of justice rule in CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096)."

The negative answer of the witness cured any error, *People* v. *Bark* (1930), 251 Mich 228; *People* v. *Somerville* (1967), 88 Ill App 2d 212 (232 NE2d 115), and, further, the trial court instructed the jury that questions by the prosecutor were not to be considered as evidence. There was no miscarriage of justice within the meaning of the statute.

Defendant next questions the admissibility of statements admitting the murder made by her at the time of the crime. The record is clear that defendant made identical admissions before and after being given her warnings pursuant to *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). Therefore, there was no error in allowing this testimony as to defendant's admissions.

Defendant also claims that statements in the prosecutor's opening statement and closing argument were inflammatory and prejudicial to her case.

In his opening statement the prosecuting attorney stated that he would offer testimony of a police officer, which testimony was subsequently excluded at trial. There having been no motion by defendant to suppress this testimony, the opening statement was entirely reasonable. *People* v. *Glessner* (1969), 19 Mich App 535. The statements made by the prosecutor in closing argument, attacking the credibility of a defense witness, had foundation in the impeachment testimony of one of the police officers. Credibility is a question for the jury. *People* v. *Morris* (1968), 12 Mich App 411; *People* v. *Beck* (1969), 17 Mich App 659.

Affirmed.