PEOPLE *v.* SKIDMORE

1. HOMICIDE — MURDER — EVIDENCE — MURDER WEAPON — SOURCE — RELEVANCY.

   The source of the murder weapon is relevant in a murder prosecution.

2. HOMICIDE — MURDER — MURDER WEAPON — SOURCE — EVIDENCE — THREATS OF OTHER CRIMES.

   Evidence showing that a defendant charged with murder obtained the murder weapon by threats of other criminal conduct does not render the evidence inadmissible, because the source of a murder weapon is relevant to the prosecution.

3. CRIMINAL LAW — CONFESSION — VOLUNTARINESS — REQUEST FOR HEARING — TIMELINESS.

   A timely request must be made for a hearing to determine the voluntariness of a confession; where no request has been made to the trial court a hearing is not required.

4. CRIMINAL LAW—JURY—DELIBERATIONS—POLICE OFFICER PRESENT —PREJUDICE.

   Prejudice to a defendant may result if a police officer is permitted to enter the jury room during their deliberations; this is particularly true where the officer has given key testimony in the case.

5. CRIMINAL LAW—JURY DELIBERATION—WITNESS PRESENT.

   Allowing a police officer who was a party to a tape-recorded conversation played during the admission of evidence in defendant's trial to replay the tape in the jury room after the jury had retired to deliberate was not reversible error where the defendant stipulated to the procedure.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Homicide § 414.
[3] 29 Am Jur 2d, Evidence § 582 *et seq.*
[4, 5] 53 Am Jur, Trial § 903 *et seq.*

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 April 8, 1970, at Detroit. (Docket No. 6186.) Decided December 9, 1970. Leave to appeal denied June 3, 1971. 385 Mich 753.

Arthur Skidmore was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and WEIPERT,* JJ.

V. J. BRENNAN, J. This is an appeal from the denial of a delayed motion for a new trial. Defendant was convicted by a jury on March 30, 1963, of the second-degree murder of Richard Sobell. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). The facts show that defendant had begun a drinking bout with certain friends on the afternoon of May 8, 1962. Late that afternoon, defendant and his wife, Betty, along with Richard Sobell and Edward Bonavitch, agreed to spend the evening touring several taverns in the area and used Sobell's automobile for transportation. Defendant, for some unexplained reason, decided to kill Sobell and, as the evening continued, repeatedly announced his intention to do so. Sobell was found the next morning, shot to death.

Defendant contends that the trial court erred in the admission of evidence implicating him in a crime with which he was not charged, *i.e.,* arson. The mur-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

der weapon belonged to one of the defendant's acquaintances, Ellis Townley. Townley testified that defendant requested him to give defendant his German luger pistol and that Townley had refused. The witness further testified that defendant had threatened to burn down one house and that there had indeed been an arson earlier in the area.

It is obvious that Townley was put into very real fear for himself and his family and that he permitted defendant to have the gun only after defendant had threatened grave harm if he did not comply. These threats took on a further menacing quality when viewed by Townley in light of the recent arson in the vicinity. Determination of the source of a weapon in a murder prosecution is relevant to the case and the fact that defendant might have procured the pistol by means which would create an inference of criminal conduct does not thereby render such evidence inadmissible. *People* v *Wilson* (1885), 55 Mich 506; *People* v. *Maglaya* (1969), 17 Mich App 379. See also MCLA § 768.27 (Stat Ann 1954 Rev § 28.1050).

Secondly, the trial judge refused to grant defendant a mistrial after a police officer, John Shopp, testified before the jury that defendant "started to confess" the crime but refused to continue after he learned that eavesdroppers were listening outside the interrogation room.[1] Defendant's motion for mistrial was based upon the unresponsive and conclusory nature of the officer's testimony. The witness admitted on further cross-examination that defendant had never actually made any sort of confession to him. In light of the record taken as a whole, it is clear that the unresponsive answer of the

[1] These events took place well before *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977) and *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

witness which intimated that defendant had confessed was cured by the later acknowledgment of the same witness that defendant had indeed never admitted the murder. While the trial judge refused to grant a mistrial, he did instruct the jury that the officer's testimony should be completely disregarded. This sort of instruction is the proper corrective remedy where highly prejudicial, unresponsive testimony is admitted. *People* v. *Podsiad* (1940), 295 Mich 541.

Further, we are told, *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, dictates that we must remand the cause for a hearing to determine the voluntariness of the "confession."[2] *People* v. *Farmer* (1968), 380 Mich 198, establishes that a timely request for a voluntariness determination at the trial must be made and where there is no such request, as here, *Walker* does not require remanding the case for a voluntariness hearing. At no time below did defendant ever request an inquiry into the voluntariness of the statements.

Defendant also claims that there was error below in the trial court's permitting a police officer to replay a tape in the jury room after the jury had retired to deliberate. The officer who operated the tape recorder was a party to the taped conversation. A court officer was also present in the jury room. It must be stressed here that defendant stipulated to this procedure.

Prejudice to the defendant may result if an officer is permitted to enter the jury room during the jury's deliberation. *People* v. *Chambers* (1937), 279 Mich 73; *People* v. *Knapp* (1879), 42 Mich 267; *People* v. *Kangas* (1962), 366 Mich 201. This is particularly

---

[2] *Walker* has been extended to a retroactive application. *People* v. *Ubbes* (1965), 374 Mich 571; *People* v. *Galinski* (1967), 6 Mich App 189.

true where the officer has given key testimony in the case. *Turner* v. *Louisiana* (1965), 379 US 466 (85 S Ct 546, 13 L Ed 2d 424). While we cannot approve of what the trial court did, we are compelled to rule that defendant has waived his objections on appeal to this error by virtue of his stipulation below which, it is conceivable, could have been done pursuant to trial tactic determination.

Other issues of error raised by the defendant are not discussed inasmuch as no objection was raised to them below. *People* v. *White* (1970), 25 Mich App 176; *People* v. *Glessner* (1969), 19 Mich App 535.

Affirmed.

All concurred.